473 So.2d 691 (1985)
NEPTUNE HOLLYWOOD BEACH Club, Inc., a Florida Corporation, Neptune Hollywood Beach Club Condominium, Inc., a Florida Corporation, Hollywood Isle Development, Inc., a Florida Corporation, et al., Appellants,
v.
William MARKHAM, As the Tax Assessor for Broward County, Florida, Joseph Rosenhagen, As the Tax Collector for Broward County, Florida, and Randy Miller, As Executive Director of Florida Department of Revenue, Appellees.
No. 84-720.
District Court of Appeal of Florida, Fourth District.
March 13, 1985.
Rehearing, Rehearing Denied August 29, 1985.
Alan Eichenbaum of Greenspoon, Marder & Freeman, North Miami, for appellants.
Gaylord A. Wood, Jr., of the Law Offices of Gaylord A. Wood, Jr., Fort Lauderdale, for appellee-Markham.
Rehearing, Rehearing En Banc Denied August 29, 1985.
PER CURIAM.
The trial court dismissed with prejudice plaintiffs' complaint challenging the constitutionality of section 192.037, Florida Statutes (1983), which deals with the assessment of taxes on time-share projects. We reverse.
The plaintiffs, all condominium associations and developers for time-share projects, were assessed for the taxes due from all of the individual time-share units in their developments pursuant to section 192.037. Essentially, this statute provides that managing agents, (plaintiffs in this action), are responsible for payment of the entire tax liability for all of the time-share units, regardless of whether the agents are able to collect from the individual time-share estate owners. Plaintiffs challenged the constitutionality of both the assessment and the authorizing statute on due process and equal protection grounds.
The trial court dismissed plaintiffs' complaint because it was filed after the sixty-day limitation period which section 194.171(2), *692 Florida Statutes (1983), imposes on the filing of challenges to tax assessments.
However, this sixty-day statute of limitations is applicable only to those cases in which the assessment is challenged as being voidable. It is well-established that the limitation period does not apply to the filing of complaints which challenge an assessment as being void or unauthorized. Such challenges can be filed at any time. Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972); St. Joe Paper Company v. Ray, 172 So.2d 646 (Fla. 1st DCA 1965). To challenge an assessment as being unconstitutional is to challenge it as being void. Hansen v. Port Everglades Steel Corp., 155 So.2d 387 (Fla. 2d DCA 1963). Therefore, the complaint attacking the constitutionality of the assessment is not subject to the sixty-day limitation period.
Consequently, we reverse the trial court's dismissal.
GLICKSTEIN, HURLEY and BARKETT, JJ., concur.