479 So.2d 776 (1985)
GULFSIDE INTERVAL VACATIONS, INC., and Camelot Condominium Owners' Association, Inc., Appellants,
v.
Ronald J. SCHULTZ, Pinellas County Property Appraiser, O. Sanford Jasper, Pinellas County Tax Collector, and Randy Miller, Executive Director of the Department of Revenue of the State of Florida, Appellees.
No. 84-1925.
District Court of Appeal of Florida, Second District.
November 13, 1985.
Rehearing Denied December 23, 1985.
*777 Brian Bolves and Ralph P. Mangione of Taub & Williams, Tampa, for appellants.
Van B. Cook, County Atty., and Michele Russell, Sp. Asst. County Atty., Clearwater, for appellees Schultz and Jasper.
Jim Smith, Atty. Gen., and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for appellee Miller.
DANAHY, Judge.
In this case of first impression, we consider the application of section 194.171(6), Florida Statutes (1983), as a bar to a suit contesting an allegedly void tax assessment.
The appellants are the owner and the manager of a time-share condominium. The appellees assessed the condominium for ad valorem taxes for the year 1983 pursuant to section 192.037, Florida Statutes (1983). The appellants seek to contest the validity of that assessment.
The tax rolls of Pinellas County were certified on October 28, 1983. The present action was commenced on May 22, 1984, by the filing of a complaint in two counts. Count 1 sought a declaratory decree adjudicating the appellees' 1983 assessment of the appellants' property to be void as unauthorized by Florida law and enjoining its enforcement. Count 2 sought a declaratory decree passing upon the constitutionality of section 192.037.
The appellees moved to dismiss the complaint for lack of subject matter jurisdiction, arguing the application of section 194.171(2) and 194.171(6). Subsection (2) of section 194.171 provides that no action shall be brought to contest a tax assessment after sixty days from the date the assessment being contested is certified for collection. In this case, that time limitation obviously was not met. Subsection (6) of section 194.171 provides that the requirement of subsection (2) is jurisdictional and that no court shall have jurisdiction in such cases until after the requirement of subsection (2) has been met. The trial judge agreed with the appellees' position that there was a lack of subject matter jurisdiction, granted their motion to dismiss, and dismissed the complaint with prejudice. This appeal followed.
*778 The appellants rely on those cases interpreting subsection (2) of section 194.171 as a statute of limitations which does not apply to an action contesting a tax assessment on the ground that it is void. E.G., Lake Worth Towers, Inc. v. Gerstung, 262 So.2d 1 (Fla. 1972); Neptune Hollywood Beach Club, Inc. v. Markham, 473 So.2d 691 (Fla. 4th DCA 1985); Hansen v. Port Everglades Steel Corp., 155 So.2d 387 (Fla. 2d DCA 1963). The appellants point out that as recently as July 12, 1984, the Florida Supreme Court considered the characterization of subsection (2) and specifically held it to be a statute of limitations rather than a jurisdictional statute of nonclaim. Miller v. Nolte, 453 So.2d 397 (Fla. 1984).
The appellees counter by pointing out that subsection (6) was added to section 194.171 by the Florida legislature in chapter 83-204, Laws of Florida (1983). Section 43 of chapter 83-204 provides that the new subsection (6) specifically shall apply to assessment rolls and taxes levied thereon for 1983 and each year thereafter. Thus, the addition to the statute by its terms applies to the tax assessment at issue in this case. The appellees contend that, for 1983 and later assessments, subsection (6) supersedes and nullifies the judicial interpretation that subsection (2) is a statute of limitations.
The appellants reply by stressing the 1984 decision of the supreme court in Miller v. Nolte, in which that court expressly rejected its prior characterization of subsection (2) as a jurisdictional statute of nonclaim and held it to be a statute of limitations. As the appellants point out, Miller v. Nolte was decided after the addition of subsection (6) to section 194.171. However, subsection (6) did not apply to the pre-1983 tax assessment at issue in Miller v. Nolte and in its opinion the supreme court did not mention the existence of subsection (6). Therefore, we cannot assume that the court could or would adhere to its characterization of subsection (2) as a statute of limitations in the face of the express language of subsection (6).
We have found no Florida decision applying subsection (6) of section 194.171 to a suit contesting an allegedly void tax assessment. Yet we cannot escape the plain meaning of the words used by the legislature; the legislature obviously intended to make the sixty-day requirement in subsection (2) a jurisdictional statute of nonclaim. Therefore, by the application of subsection (6), the trial court lacked jurisdiction to consider the appellants' suit and the action of the trial judge in dismissing their complaint with prejudice was correct.
Were we free to do so, we would address the constitutionality of this result. It seems to us that barring a suit such as this at the expiration of sixty days following certification of the tax rolls  an event of which most taxpayers are unaware and of which taxpayers are not given specific notice  is inherently unfair and inequitable, and raises serious due process concerns. As the supreme court said in Miller v. Nolte, persons have a right to due process when the protection and enforcement of their private rights are at issue. The court expressly stated "due process requires that section 194.171(2) be considered a statute of limitations."
However, the record does not reflect that the question of the constitutionality of applying subsection (6) in this case was raised in the trial court, and it has not been raised on this appeal. Therefore, we are foreclosed from considering that issue. We have no alternative but to affirm the action of the trial judge in dismissing this suit with prejudice.
AFFIRMED.
GRIMES, A.C.J., and FRANK, J., concur.