527 So.2d 814 (1988)
William MARKHAM, et al., Petitioners,
v.
NEPTUNE HOLLYWOOD BEACH CLUB, Etc., Respondents.
No. 67682.
Supreme Court of Florida.
July 7, 1988.
Gaylord A. Wood, Jr., Fort Lauderdale, and Robert A. Butterworth, Atty. Gen., and J. Terrell Williams, Asst. Atty. Gen., Tallahassee, for petitioners.
Leonard Lubart and Alan Eichenbaum of Greenspoon & Marder, Fort Lauderdale, for respondents.
PER CURIAM.
We have for review Neptune Hollywood Beach Club, Inc. v. Markham, 473 So.2d 691 (Fla. 4th DCA 1985) which conflicts with a decision of another district court of appeal, Gulfside Interval Vacations, Inc. v. Schultz, 479 So.2d 776 (Fla. 2d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986), on the issue of whether an action challenging a tax assessment as void is barred when the complaint is not filed within the sixty-day limitation of section 194.171(2), Florida Statutes (1983).
Respondents are condominium associations and developers for time-share projects whose condominiums were assessed for ad valorem taxes for the year 1983 pursuant to section 192.037, Florida Statutes (1983). The tax rolls of Broward County were certified for collection on October 19, 1983. On March 1, 1984, respondents filed a complaint challenging the constitutionality of both the assessment and the authorizing statute on due process and equal protection grounds.[1] Respondents also sought an injunction against enforcement of the assessment.[2] Relying on section 194.171(2), Florida Statutes (1983), which provides "[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection" and section 194.171(6), Florida Statutes (1983), which makes compliance with subsection (2) "jurisdictional," the petitioners filed a motion to dismiss. The trial court granted the motion, dismissing the complaint with prejudice.
On appeal the district court reversed the trial court's dismissal, reasoning that "the sixty day statute of limitations is applicable only to those cases in which the assessment is challenged as being voidable. ... [T]he limitation period does not apply to the filing of complaints which challenge an assessment *815 as being void or unauthorized. Such challenges can be filed at any time." 473 So.2d at 692 (citations omitted, emphasis in original).
The Second District Court of Appeal reached the opposite conclusion in a case which is factually indistinguishable from the case sub judice. In Gulfside Interval Vacations, Inc. v. Schultz, as in the instant case, the trial court dismissed a complaint challenging the validity of a 1983 assessment of timeshare property made pursuant to section 192.037 because the complaint was filed more than sixty days after the tax rolls were certified. The district court upheld the trial court's dismissal, reasoning that since section 194.171(2), Florida Statutes (1983), is clearly a "jurisdictional statute of nonclaim," a trial court lacks jurisdiction to consider a suit contesting a tax assessment, unless such suit is filed within the time frame prescribed by section 194.171(2). 479 So.2d at 778.
The Gulfside court based its decision on the "plain meaning" of subsection (6) of section 194.171 which was added to that section by chapter 83-204, section 7, Laws of Florida.[3] Subsection (6) expressly provides:
The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met.
We agree with the Gulfside court that the plain meaning of subsection (6) requires that the sixty-day requirement of subsection (2) be construed as a jurisdictional statute of nonclaim rather than as a statute of limitations. See Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987) (under section 194.171(6) compliance with the requirement of section 194.171(5) that a taxpayer pay, prior to delinquency, the undisputed amount of taxes assessed while his suit is pending is jurisdictional).
The respondents appear to concede that, after the 1983 amendment to section 194.171, the sixty-day requirement of subsection (2) is properly characterized as a statute of nonclaim. However, they contend that the controlling issue, as framed by the district court below, is nevertheless whether the assessment was challenged as being void or merely voidable[4] under the principles set forth by this Court in Lake Worth Towers v. Gerstung, 262 So.2d 1 (Fla. 1972). The Department of Revenue, on the other hand, argues that the characterization of subsection (2) as a jurisdictional statute of nonclaim is determinative and that the void/voidable analysis employed by this Court in Lake Worth Towers is no longer applicable in light of the clear language of subsection (6).
Both the respondents and the district court below rely on this Court's decision in Lake Worth Towers for the proposition that respondents' failure to comply with the sixty-day requirement of subsection (2) does not preclude the instant action. In Lake Worth Towers, a taxpayer brought an action seeking to enjoin the enforcement of an assessment which was not authorized by law. We held "[b]ecause the assessment was illegal and void, it was properly challenged, even though the statute of limitations [section 194.21(2), predecessor to section 194.171(2)] had run and administrative remedies had not been exhausted." 262 So.2d at 4. (emphasis added).
As the Department points out, in Lake Worth Towers we referred to section 192.21(2), Florida Statutes (1967), the predecessor to section 194.171(2), as a statute of limitations. Then in Coe v. ITT Community Development Corp., 362 So.2d 8 (Fla. 1978), we recharacterized section 194.171(2) as a nonclaim statute and noted that our use of the term "statute of limitations" in Lake Worth Towers was the result of "an *816 inartful use of the term." 362 So.2d at 9. Finally in Miller v. Nolte, 453 So.2d 397 (Fla. 1984), we expressly receded from our characterization of the statute as a nonclaim statute in Coe and held that "[d]ue process requires that section 194.171(2) be considered a statute of limitations." Id. at 401.[5] However, as pointed out by the Gulfside court, although Miller was released subsequent to July 1, 1983, the effective date of section 194.171(6), in Miller we were addressing a pre-1983 tax assessment and did not address the clear expression of legislative intent contained in subsection (6) that subsection (2) be considered a jurisdictional statute of nonclaim.[6] By application of subsection (6), the trial court in the instant case lacked jurisdiction to consider the taxpayers' suit. Therefore, the suit was properly dismissed.
Accordingly, the decision of the district court below is quashed, the decision of the Second District Court of Appeal in Gulfside is approved and the cause is remanded for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] We have recently upheld the constitutionality of § 192.037, Fla. Stat. (1983) in Day v. High Point Condominium Resorts, Ltd., 521 So.2d 1064 (Fla. 1988) and Spanish River Resort Corporation v. Walker, 526 So.2d 677 (Fla. 1988).
[2] Petitioner Markham argues that respondents lack standing to challenge the constitutionality of section 192.037, claiming a review of the exhibits attached to the complaint reveal that the assessments being contested were not made on time share property pursuant to section 192.037. Assuming arguendo that the contested assessments were not made pursuant to section 192.037, this fact would have been apparent prior to dismissal. However, this argument was not made before the trial court nor was the issue raised on direct appeal. Petitioners have therefore waived the right to raise the issue of standing before this Court. See Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971).
[3] § 43 of ch. 83-204 provides that subsection (6) shall apply to "assessment rolls and taxes levied thereon for 1983 and each year thereafter."
[4] A tax assessment will be considered unauthorized and void where it has been assessed in violation of acts of Congress; where the assessment as made is not authorized by a valid law; where the property is not subject to the tax assessed; where the tax roll is illegal due to some affirmative wrongdoing by the taxing official. See Hackney v. McKenney, 113 Fla. 176, 187, 151 So. 524, 528 (1933); Lake Worth Towers, 262 So.2d at 4. A tax assessment which is made in good faith but is merely irregular or unfair is voidable rather than per se void. 151 So. at 528; 262 So.2d at 4.
[5] The respondents do not challenge the constitutionality of § 194.171(6).
[6] It appears that Ch. 83-204, § 7, Laws of Fla. was the legislature's response to a decision of the Second District Court of Appeal, Cape Cave Corp. v. Lowe, 411 So.2d 887 (Fla. 2d DCA), review denied, 418 So.2d 1280 (Fla. 1982), wherein the Second District held, as we did in Miller, that § 194.171(2) was a statute of limitations, the benefit of which the tax assessor may by his actions become estopped from claiming.