## TOWER MEDICAL GROUP, INC. v ROBBINS, etc.

Case No. 88-54214 CA 18

Eleventh Judicial Circuit, Dade County

June 5, 1989

### APPEARANCES OF COUNSEL

**Barbara J. Steiner,** for plaintiff

**Robert J. Ginsburg,** County Attorney and **Thomas W. Logue,** Assistant County Attorney, for defendant, Robbins, Dade County Property Appraiser.

### OPINION OF THE COURT

ROBERT H. NEWMAN, Circuit Judge.

### ORDER GRANTING FINAL SUMMARY JUDGMENT

THIS MATTER CAME TO BE HEARD ON MAY 5, 1989. This case involved a challenge to the 1988 ad valorem tax assessment on certain personal property described by Folio No. 10-21-578334. Defendant, Joel Robbins, the Dade County Property Appraiser, moved for Summary Judgment on the grounds that Plaintiff Tower Medical Group, Inc., did not file this lawsuit within the 60 day limit established by Section 194.171(2), *Fla. Stat.* There are no genuine issues of material fact. Plaintiff did not file any affidavits and therefore did not dispute the facts set out in the affidavits submitted by the Property Appraiser.

## STATEMENT OF FACTS AND CONCLUSIONS OF LAW

1. Section 194.171(2), *Fla. Stat.* requires that lawsuits challenging an assessment be filed within 60 days of the certification of this assessment for collection. Section 194.171(2), *Fla. Stat.* states:

(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under § 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under § 197.323.

2. The assessment on the subject property was certified for collection on October 21, 1988.

3. The sixty day time limit for filing a lawsuit challenging the assessment expired December 20, 1988.

4. Plaintiff filed the instant lawsuit on December 27, 1988 which is outside the sixty day limit.

5. The sixty day filing time limit of Section 194.171(2) is jurisdictional. Subsection (6) of 194.171 expressly provides:

The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. In *Markham v Neptune Hollywood Beach Club,* 527 So.2d 814 (Fla. 1988) the Supreme Court of Florida held that the statute, by its "plain meaning," was jurisdictional; and that regardless of whether the assessment is challenged as void or merely voidable, suit must be brought within 60 days.

6. Pursuant to the "plain meaning" of Section 194.171(2), Plaintiff's failure to file its lawsuit within 60 days of the date of the assessment being certified for collection prevents this Court from having jurisdiction. As stated by the Florida Supreme Court "By application of Subsection (6), the trial Court in the instant case lacked jurisdiction to consider the taxpayer's suit. Therefore the suit was properly dismissed." *Markham v Neptune Hollywood Beach,* 527 So.2d at 816.

7. This result is not changed by the fact that, before filing the lawsuit, Plaintiff had filed an untimely petition before the Property Appraiser Adjustment Board. That petition was untimely filed because it was filed on October 1, 1988 and the final deadline for filing P.A.A.B. petitions was September 19, 1988. On October 27, 1988 the

P.A.A.B. formally dismissed the petition as untimely at a hearing which Plaintiff did not even bother to attend.

8. It is well established that an untimely filed petition or motion does not stay the running of a jurisdictional time limit. *See e.g. Wagner v Bieley, Wagner & Assoc.,* 263 So.2d 1, 3 (Fla. 1972); *Eadler v Rehn,* 404 So.2d 376 (5th DCA 1981). To hold otherwise would allow litigants to evade or unilaterally extend the time limit simply by filing untimely petitions before that P.A.A.B. Such a result would frustrate "the clear expression of legislative intent contained in Subsection (6) that Subsection (2) be considered a jurisdictional statute of nonclaim." *Markham v Neptune Hollywood Beach Club,* 527 So.2d at 816.

9. Moreover, in the instant case the P.A.A.B. had rendered its decision refusing to accept Plaintiff's late-filed petition 53 days prior to the expiration of the 60 day time period. Thus, the Plaintiff was fully aware of its petition being deemed untimely in sufficient time to allow it to timely file the instant lawsuit. Instead, the Plaintiff let the December 20th filing deadline come and go without action.

For the above-stated reasons, it is hereby

ORDERED AND ADJUDGED;

THAT DEFENDANT JOEL ROBBINS' Motion for Summary Judgment is granted, and Plaintiff Tower Medical Group, Inc. shall take nothing from this action and Defendant Joel Robbins shall go hence without day.

DONE IN CHAMBERS, in Miami, Dade County, Florida, this 5th day of June, 1989.