641 So.2d 131 (1994)
Richard J. DAVIS, not individually but in his capacity as Bay County Property Appraiser, Appellant,
v.
MACEDONIA HOUSING AUTHORITY, Appellee.
No. 93-488.
District Court of Appeal of Florida, First District.
June 29, 1994.
Rehearing Denied August 18, 1994.
*132 Cecile M. Scoon, Panama City, for appellant.
Richard E. Johnson, of Spriggs & Johnson, Tallahassee, for appellee.
BARFIELD, Judge.
The Bay County property appraiser appeals summary judgments in favor of Macedonia Housing Authority (Macedonia), a nonprofit corporation operating a low-income housing facility which challenged the denial of a "charitable purpose" exemption from 1991 ad valorem property taxes and sought a refund of the taxes it had paid in 1990 and 1991. We reverse.
Because Macedonia did not timely challenge the property appraiser's notice that it would not receive an exemption from 1990 taxes, the circuit court did not have jurisdiction over that issue, Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988), and the summary judgment ordering the property appraiser to refund Macedonia's 1990 taxes must therefore be reversed. Because the record indicates that there exist disputed issues of material fact relating to the reasonableness of the charges and expenditures associated with Macedonia's facility, the summary judgment entered on January 4, 1993, must also be reversed. See Mikos v. Plymouth Harbor, Inc., 316 So.2d 627 (Fla. 2d DCA 1974), cert. denied, Plymouth Harbor, Inc. v. Mikos, 337 So.2d 975 (Fla. 1976).
While reversal on these grounds moots the other issues raised in this appeal, we comment briefly on them for the trial court's guidance in further proceedings. In addition to finding that Macedonia "is entitled to an exemption from ad valorem taxes in Bay County" and ordering the property appraiser to refund all its 1990 and 1991 taxes, the trial court also ordered the property appraiser to cancel any pending 1992 tax obligation and to "grant Plaintiff's tax exemption in future years absent a material change in applicable law or a material change in Plaintiff's status or operation which would render Plaintiff ineligible for such exemption." Under section 196.011, Florida Statutes, a taxpayer must timely apply for the exemption each year, unless the property appraiser waives or modifies the annual application requirement, and failure to do so constitutes a waiver of the exemption privilege for that year. This record does not indicate that Macedonia applied for exemption from taxes in 1990 or in the years subsequent to 1991, and its failure to do so would therefore waive its right to exemptions for those years. The burden of proving entitlement to an exemption is on the taxpayer, Benevolent & Protective Order of Elks v. Dade County, 166 So.2d 605 (Fla. 3d DCA 1964), who must supply "such fiscal and other records showing in reasonable detail the financial condition, record of operation, and exempt and nonexempt uses of the property for the immediately preceding fiscal year as are requested by the property appraiser or the value adjustment board," § 196.195(1), Fla. Stat. (1991). By ordering the property appraiser to grant exemptions for 1990, 1992 and ensuing years, without the property appraiser's consideration of the required information presented in a timely fashion, the trial court improperly shifted the burden of proof established by the legislature.
Under sections 194.011-194.036, 194.171, and 196.193-196.194, Florida Statutes (1991), a taxpayer may request an informal conference with the property appraiser and/or may timely petition the value adjustment board to reverse the denial of exemption, and may thereafter bring an action in circuit court to contest the board's action, so long as the taxpayer fulfills the jurisdictional requirements of section 194.171 by filing the action within 60 days after the board's decision is rendered. Alternatively, the taxpayer may directly seek a judicial remedy under *133 section 194.171, so long as the action is filed within 60 days after the tax roll is certified for collection. This record indicates that Macedonia complied with the latter jurisdictional requirement only with respect to the 1991 denial of exemption from taxes, in which case the circuit court would not have jurisdiction over any claims for exemption from taxes except for the 1991 tax year. Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980).
Both summary judgments are REVERSED and the case is REMANDED to the trial court for further proceedings on the claim for exemption from 1991 ad valorem taxes only, unless evidence is presented at trial which establishes that Macedonia timely applied for exemption from 1992 taxes and timely challenged the denial of that application.
WOLF, J., specially concurs, with opinion.
BENTON, J., dissents, with opinion.
WOLF, Judge, specially concurring.
I would note that the 60-day filing requirement was applied in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991), a case where, like the one before us, the taxpayer claimed an exemption from ad valorem taxes. Application of the filing requirement in this situation is consistent with "the legislative intent and public policy behind adoption of the nonclaim provision contained in sections 194.171(2) and (6), Florida Statutes, which is to ensure prompt payment of taxes due and making available revenues that are not disputed." Chihocky v. Crapo, 632 So.2d 230, 232 (Fla. 1st DCA 1994).
BENTON, Judge, dissenting.
The court today holds that a taxpayer who made timely application for an exemption from ad valorem taxes and who paid all taxes purportedly owing, albeit involuntarily after the application was denied, had to file suit for refund within 60 days of the tax roll's certification[1] in order to obtain judicial review of the property appraiser's denial of the exemption. Because, in my view, no such 60-day requirement applies in these circumstances, I respectfully dissent.
The majority opinion describes administrative remedies available to a taxpayer whose application for exemption has been denied, and points out that pursuit of these remedies is not a prerequisite for judicial review:
[A] taxpayer ... may timely petition the value adjustment board to reverse the denial of exemption, and may thereafter bring an action in circuit court to contest the board's action, so long as the taxpayer fulfills the jurisdictional requirements of section 194.171 by filing the action within 60 days after the board's decision is rendered. Alternatively, the taxpayer may directly seek a judicial remedy under section 194.171, so long as the action is filed within 60 days after the tax roll is certified for collection.
These procedures are available to a taxpayer who has never paid the disputed tax. For a taxpayer who (involuntarily) pays the tax before challenging the denial of exemption, an action for refund, like the one appellee brought and prevailed in below, is also an option.
The majority cites two cases in support of its conclusion that Macedonia Housing Authority's failure to file a suit for refund of ad valorem taxes within 60 days of the 1990 tax roll's certification precludes relief from a wrongful denial of tax exemption: Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988) and Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980). Both are readily distinguishable.
In the Markham case, "condominium associations and developers for time-share projects," 527 So.2d at 814, who had not paid any tax "filed a complaint challenging the constitutionality of both the assessment and the authorizing statute ... and sought an injunction against enforcement of the assessment." Id. Because they did so more than 60 days after the tax roll had been certified for collection, the circuit court lacked jurisdiction[2] *134 to hear the case. § 194.171(2), Fla. Stat.
In the Goembel case, a taxpayer who sought to have his property reassessed at a lower value, as agricultural land, was found not entitled to relief for 1974
because it had filed no separate action to contest the denial, nor had it effectively amended its complaint, but even had it done so, the evidence did not show that it was entitled to the classification for 1974[.]
382 So.2d at 785. The court also concluded that section 194.171(2), Florida Statutes, did not allow a challenge to the amount of an assessment more than 60 days after the tax roll had been certified.
In neither of the cases on which the majority relies did a taxpayer make timely application for an exemption.[3] In each, the taxpayer sought to alter or undo a tax assessment. Both taxpayers ran afoul of section 194.171(2), Florida Statutes (1993), which provides: "No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection... ." A taxpayer seeking to overturn in court the administrative denial of an application for exemption is not contesting a tax assessment within the meaning of section 194.171(2), Florida Statutes (1993). The propriety of an exemption does not depend on the accuracy of an assessment. All real property must be assessed, "whether such property is taxable, [or] wholly or partially exempt." § 192.011, Fla. Stat. (1993).
"Refund actions are not subject to the 60-day filing period prescribed for deficiency actions. Refund actions may be filed within four years of January 1 of the tax year for which the taxes were paid." Barr, "The Overassessment Action: Its Nature and Historical Development," in Fla. State and Local Taxes, Vol. II, § 8.02[4], at 355 (The Florida Bar 1988). "No refund shall be granted unless claim is made therefor within 4 years of January 1 of the tax year for which the taxes were paid." § 197.182(1)(c), Fla. Stat. (1993). "[T]he statute should be construed as contemplating that Florida ad valorem taxpayers have a right to sue for a refund within the four-year limitation period defined in § 197.182(1)(c). The ambiguities in the statute should be construed in favor of the taxpayer. Walgreen Drug Stores Co. v. Lee, 158 Fla. 260, 28 So.2d 535 (1946); Walter E. Heller & Co. Southeast, Inc. v. Williams, 450 So.2d 521, 530 (Fla. 3d DCA 1984), pet. for review denied, 462 So.2d 1108 (Fla. 1985)." Barr, "The Overassessment Action: Its Nature and Historical Development," in Fla. State and Local Taxes, Vol. II, § 8.02[4], at 354a n. 60 (The Florida Bar 1988).
The Matthew-Bender tax service concludes that an even more relaxed statute of limitations applies to suits for refund of ad valorem taxes paid by mistake or through inadvertence.
§ 3.162 Ad Valorem Refunds
[1] Circuit Court Suits for Refunds
A suit for a refund of taxes paid may be filed in the circuit court of the county where the taxed property is located... . Suits must be filed within the same limitations period applicable to administrative refund claims.
1 Fla.Tax Serv.2d (MB) III-430, § 3.162 (1990) (footnote omitted). The omitted footnote ("See [2] above regarding limitation periods") seems to refer the reader to section 95.11(3)(m), Florida Statutes, and accompanying text: "An action for money paid to any governmental authority by mistake or inadvertence must be commenced within four years after the date of the overpayment." 1 Fla.Tax Serv.2d (MB) III-429, § 3.161 (1990).
*135 Macedonia Housing Authority is seeking "refunds ... ordered by a court and ... refunds which do not result from changes made in the assessed value on a tax roll certificate to the tax collector." § 197.182(1)(b), Fla. Stat. (1993). Because Macedonia Housing Authority does not contest its tax assessment, within the meaning of section 194.171(2), Florida Statutes (1993), it was not obliged to file its action for refund of taxes within 60 days of the date the assessment was certified for collection.
The rule requiring a taxpayer claiming an exemption to apply for the exemption by a prescribed deadline, and to make payment of taxes in full, as a prerequisite to judicial review of any denial of an application for exemption (by suit for refund), well serves the public policy of "ensur[ing] prompt payment of taxes due and making available revenues that are not disputed." Chihocky v. Crapo, 632 So.2d 230, 232 (Fla. 1st DCA 1994). Nothing justifies superimposing on this scheme an inapposite statutory requirement, a draconian non-claim provision that is aimed at dilatory tactics by litigants who have never paid their taxes or who, even though the value of every other parcel in the county has been finally established for the tax year, want to quibble about what their property is worth.
NOTES
[1] In the event a taxpayer seeks review of the property appraiser's denial of the application for exemption, the 60 days runs from the date of the decision of the value adjustment board upholding the denial, unless the decision comes as it did here, before the roll is certified.
[2] The Markham court rejected any distinction between void assessments and merely voidable assessments, overruling Lake Worth Towers v. Gerstung, 262 So.2d 1 (Fla. 1972).
[3] The taxpayer in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991), cited in the concurring opinion, brought "a suit challenging the ... assessment of certain real property," at 1308, outside the 60-day limit. "Among the other allegations of the complaint was an allegation that the property was exempt from taxes," Moriarty at 1308, but the opinion reports no allegation that the taxpayer applied for exemption at any time before filing in court nor any allegation that the taxpayer had paid as much as a penny in taxes. The Moriarty taxpayer was not seeking a refund of taxes paid.