651 So.2d 231 (1995)
T. Keith HALL, et al., Appellants,
v.
LEESBURG REGIONAL MEDICAL CENTER, etc., et al., Appellees.
No. 94-1315.
District Court of Appeal of Florida, Fifth District.
March 3, 1995.
Robert A. Butterworth, Atty. Gen., and Ralph R. Jaeger, Asst. Atty. Gen., Tallahassee, for appellant, Dept. of Revenue.
Mary M. McDaniel, Minkoff and McDaniel, P.A., Tavares, for appellant, T. Keith Hall.
*232 Fred A. Morrison, McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a tax assessment refund case.
On March 17, 1988, Leesburg Regional Medical Center, Inc. (LRMC), appellee, a not-for-profit corporation, purchased real property located in Lake county from NuMed, Inc., a for-profit corporation, which was not eligible for an ad valorem tax exemption. In March of 1989, LRMC paid the tax collector, T. Keith Hall (Hall), appellant, the sum of $157,818.65 in ad valorem taxes on the property in question, under protest. The sum represented taxes for the portion of the 1988 tax year after LRMC acquired title to the property in question. After paying the $157,818.65 in taxes for the portion of the 1988 tax year, LRMC applied to the Property Appraiser's Adjustment Board (PAAB) for a refund. LRMC admits that before the PAAB met on September 25 and 26, 1989, to consider the petition, the 1988 tax roll had already been certified. LRMC further admits that the assessed values for the 1988 parcels were not contested. The PAAB of 1989 issued a decision purporting to grant the refund. However, on February 8, 1990, the State of Florida Department of Revenue (DOR), appellant, sent a letter to Hall which provided that LRMC's refund was unauthorized and could not be approved.
On June 12, 1991, LRMC filed a complaint in circuit court against Hall for a refund of its 1988 ad valorem taxes. DOR was added as a party defendant by order of the court after a motion by Hall. On May 5, 1994, the trial court entered a final judgment ordering Hall to refund the ad valorem taxes paid by LRMC for the 1988 tax year.
Hall and DOR appeal the trial court's final judgment. They argue that LRMC's action was barred by section 194.171(2), Florida Statutes (1987) because neither LRMC, nor its predecessor owner of the property, brought a timely action within the limits of section 194.171, Florida Statutes to contest the 1988 assessment. We agree.
Section 194.171 provides in pertinent part as follows:
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation. Venue is in the county where the property is located.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under section 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the property appraisal adjustment board if a petition contesting the assessment had not received final action by the property appraisal adjustment board prior to extension of the roll under section 197.323.
* * * * * *
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
The Supreme Court of Florida in Markham v. Neptune Hollywood Beach Club, 527 So.2d 814, 815 (Fla. 1988), held that the plain meaning of subsection (6) requires that the sixty-day requirement of subsection (2) be construed as a jurisdictional statute of non-claim rather than as a statute of limitations. Therefore, the circuit court has no subject matter jurisdiction if the time limits in this statute have not been met.
We find no merit in LRMC's argument that section 194.171 applies only to actions contesting tax assessments, but does not apply to actions relating to exemptions, as in the present case. The First District Court of Appeal in Davis v. Macedonia Housing Authority, 641 So.2d 131 (Fla. 1st DCA 1994), considered the denial of a tax exemption to be within the definition of a tax assessment under section 194.171, Florida Statutes. The court held that "[b]ecause Macedonia did not timely challenge the property appraiser's notice that it would not receive an exemption from 1990 taxes, the circuit court did not have jurisdiction over that issue." Id. at 132. The court recognized that a taxpayer may timely petition the *233 PAAB to reverse the denial of an exemption and that it may bring an action in circuit court to contest the PAAB's action, as long as the taxpayer fulfills the jurisdictional requirements of section 194.171 by filing the action within sixty days of the board's decision, or by filing an action within sixty days after the tax roll is certified for collection. See also Department of Revenue v. Stafford, 646 So.2d 803 (Fla. 4th DCA 1994) (rejecting FDIC's attempt to circumvent the limitations of section 194.171(2) by couching its complaint as an action for a refund).
LRMC should have filed a complaint contesting the assessment within sixty days from the date the 1988 tax roll was certified. § 194.171(2) and (6), Fla. Stat. (1987); Davis, 641 So.2d at 132. LRMC admitted in a response to a request for admissions that the 1988 tax roll had already been certified before the September 25 and 26, 1989 meeting of the PAAB. LRMC did not file the complaint contesting the assessment until June 12, 1991. Thus, the complaint filed by LRMC was not filed within the jurisdictional time limit set forth in section 194.171, Florida Statutes. Therefore, the trial court should have dismissed the lawsuit for lack of jurisdiction.
Accordingly, the final judgment is reversed.
REVERSED.
COBB and THOMPSON, JJ., concur.