736 So.2d 1253 (1999)
Gary R. NIKOLITS, as Property Appraiser of Palm Beach County, Florida; John K. Clark, as Tax Collector of Palm Beach County, Florida and Larry H. Fuchs, as Executive Director of the Florida Department of Revenue, Petitioners,
v.
Wynne S. BALLINGER, Individually, and David A. Hildebrandt, David Sharpies Denton and First National Bank of Chicago, as Trustees of THE WYNNE Sharples Ballinger 1993 Family Trust, dated April 6, 1993, as amended, Respondents.
No. 98-4136.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Edgar E. Stephens, III, and Jay R. Jacknin of Christiansen & Jacknin, West Palm Beach, for petitioner Gary R. Nikolits, as Property Appraiser of Palm Beach County, Florida.
David S. Pressly of Pressly & Pressly, P.A., West Palm Beach, for respondents.
GROSS, J.
Property appraiser Gary Nikolits filed a petition for writ of prohibition directed to the circuit court's order denying his motion for summary judgment. Because the circuit court did not have jurisdiction over the action, we grant the writ.
Respondent Wynne S. Ballinger sued Nikolits on December 5, 1997, asserting a challenge to the 1997 real estate taxes assessed against her Palm Beach property. Ballinger contended that the assessed value of the property exceeded the increase permitted by law, in that the assessed *1254 value in 1996 was $1,922,756.00 and that any change for 1997 was not permitted to exceed 3% of the 1996 value under section 193.155(1), Florida Statutes (1997). That section applies to assessments on homestead property. Ballinger argued that Nikolits had improperly denied her a homestead exemption for the year 1996. Ballinger did not challenge the 1996 homestead exemption denial at the time of the disapproval. In this case, she asserts that the improper removal of the 1996 exemption resulted in a determination of the assessed value in 1997 which exceeds the 3% cap.
The property appraiser argued in the trial court that the deadline to file a challenge to the 1996 removal of homestead was December 15, 1996, since the 1996 tax roll was certified on October 14, 1996. However, if measured against the 1997 tax roll certification, and not that of 1996, Ballinger's action would be timely.
This court exercises its prohibition jurisdiction to review orders denying summary judgment when a trial court lacks jurisdiction to entertain a lawsuit. See Nikolits v. Delaney, 719 So.2d 348 (Fla. 4th DCA 1998). Section 194.171(2), Florida Statutes (1997) provides that "[n]o action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under § 193.122(2)." Section 194.171(6) states that the requirements of subsection (2) are "jurisdictional." In State, Department of Revenue v. Stafford, 646 So.2d 803, 805 (Fla. 4th DCA 1994), this court observed that the 60 day requirement of subsection 194.171(2) "has been strictly enforced as a jurisdictional statute of nonclaim, even where the authority to assess is challenged on constitutional grounds or the assessment is attacked as void and not merely voidable." See Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991).
The issue in this case is whether the challenge to the 1996 homestead removal can survive as a challenge to the 1997 tax assessment, or whether it was part of the 1996 "tax assessment" within the meaning of section 194.171(2), such that the challenge was time barred since it was not filed within 60 days of October 14, 1996. We hold that the property appraiser's disapproval of Ballinger's homestead exemption was part of the 1996 "tax assessment," so that the circuit court does not have jurisdiction over the challenge to the assessment in this case.
The homestead exemption is one of the exemptions from taxation provided for in Chapter 196, Florida Statutes (1997). Between March 1 and July 1, property appraisers "shall ... carefully consider all applications for tax exemptions that have been filed in their respective offices." § 196.151, Fla. Stat. (1997). If a property appraiser disapproves an application for homestead exemption, the applicant may appeal to the value adjustment board, whose action on the application is final, unless the applicant files a declaratory judgment proceeding "within 15 days from the date of refusal of the application by the board." Id.; see §§ 194.011-032, Fla. Stat. (1997). Under section 194.032(1)(b), "the value adjustment board may meet prior to the approval of the assessment rolls by the Department of Revenue, but not earlier than July 1, to hear appeals pertaining to the denial by the property appraiser of exemptions." In preparing the assessment rolls, the property appraiser is required to indicate "[w]hen property is wholly or partially exempt, a categorization of such exemption." § 193.114(2)(c), Fla. Stat. (1997).
Consistent with the statute, Florida Administrative Code Rule 12D-8.007 addresses the preparation of assessment rolls and provides under subdivision (2)(c) that "[w]hen property is wholly or partially exempt... from taxation, the appraiser shall enter on the assessment roll the amount of the exemption so as to be able to determine, by category, the total amount of exempt property on the roll." Subdivision *1255 (2)(d) of the rule provides that "[t]he assessment roll shall identify the taxable value of the property being assessed," which is the value remaining "after allowance of all lawful exemptions." The taxable value is the value "upon which the tax is actually calculated." Id.
From this statutory and administrative framework, it is clear that the application of a homestead exemption is an integral part of a "tax assessment" within the meaning of section 194.171(2). A timely challenge is therefore necessary to satisfy the jurisdictional requirement of that section. The problem in this case is that Ballinger did not challenge the 1996 removal of the homestead exemption until the end of 1997.
This result is consistent with Hall v. Leesburg Regional Medical Center, 651 So.2d 231 (Fla. 5th DCA 1995), where the court rejected the argument that section 194.171 applies only to actions contesting tax assessments, but does not apply to actions relating to exemptions. In Leesburg, the taxpayer filed a complaint in 1991 to challenge the denial of a 1988 tax exemption. The taxpayer did not contest the assessed values for 1988. The fifth district held that because the taxpayer "should have filed a complaint contesting the assessment within sixty days from the date the 1988 tax roll was certified," the trial court should have dismissed the lawsuit for lack of jurisdiction for failing to comply with the time limits of section 194.171. Id. at 233.
Similarly, in Davis v. Macedonia Housing Authority, 641 So.2d 131 (Fla. 1st DCA 1994), the first district considered the denial of a tax exemption to be within the definition of a tax assessment under section 194.171. The court held that "[b]ecause Macedonia did not timely challenge the property appraiser's notice that it would not receive an exemption from 1990 taxes, the circuit court did not have jurisdiction over that issue." Id. at 132. The first district recognized that a taxpayer may timely petition to reverse the denial of an exemption and that it may bring an action in circuit court to contest the denial, so long as the taxpayer fulfills the jurisdictional requirements of section 194.171. See id.
For these reasons, we grant the petition for writ of prohibition and quash the trial court's order denying the petitioner's motion for summary judgment.
POLEN and TAYLOR, JJ., concur.