909 So.2d 378 (2005)
STATE of Florida, DEPARTMENT OF MANAGEMENT SERVICES, Appellant,
v.
P. Dewitt CASON, Clerk of the Circuit Court in and for COLUMBIA COUNTY, Florida, Charlie W. Ottinger, a/k/a Charles W. Ottinger, Betty Ottinger, Gina Ottinger, a/k/a Gina O. Williamson and Valerie Ottinger, and The School Board of Columbia County, Florida, Appellees.
No. 1D04-4836.
District Court of Appeal of Florida, First District.
August 4, 2005.
*379 S. Austin Peele of Darby, Peele, Bowdoin & Payne, Lake City; Benjamin K. Phipps of The Phipps Firm, Tallahassee; Anthony W. Garcia of the Department of Management Services, Tallahassee; and Christine A. Guard of the Department of Environmental Protection, Tallahassee, for Appellant.
George T. Reeves of Davis, Schnitker, Reeves & Browning, P.A., Madison, for Appellees Charlie W. Ottinger, Betty Ottinger, Gina Ottinger a/k/a Gina O. Williamson, and Valerie Ottinger.
Marlin M. Feagle of Feagle and Feagle, P.A., Lake City, for Appellee P. Dewitt Cason.
Leandra G. Johnson of Norris and Johnson, P.A., Lake City, for Appellee the School Board of Columbia County, Florida.
ERVIN, J.
The Florida Department of Management Services (Department or DMS) appeals the entry of final summary judgment entered against it on its suit to enjoin the issuance of a tax deed on certain real property allegedly owned by it and used for a governmental purpose. Without reaching the merits of whether the property was immune from taxation because of such status, the lower court entered summary judgment against the Department because no claim had been brought by it contesting the assessment of the property within 60 days from the date of its certification for collection, as required by section 194.171(2), Florida Statutes (2000). Because we conclude the statutory bar is inapplicable to a claim in which the state of Florida asserts the property's immunity from taxation, we reverse the summary judgment and remand the case in order for the lower court to resolve the dispute over the property's status, and thereafter to proceed in accordance with such determination.
The real property which is the subject of this controversy is used to operate a penal facility for youthful offenders in Columbia County, Florida. After the property appraiser determined the property was *380 owned by a private corporation, and assessable for ad valorem taxation, the tax collector issued tax certificates resulting from the non-payment of taxes for the years 1996 and 1997. Subsequently, appellees Charlie, Betty, Gina, and Valerie Ottinger, the holders of the tax certificates, applied for a tax deed, but before a transfer occurred, appellant sought to enjoin the sale, alleging its ownership of the property. The Ottingers moved for summary judgment, contending that the state's failure to challenge the assessments on the property within the limitation period required by section 194.171(2) constituted a jurisdictional bar against the state's assertion of sovereign immunity. In opposition to the motion, the Department submitted an affidavit averring that the state of Florida owned the correctional facility, that the Department administered the contract to operate the facility, and that financing of the facility was arranged through sale of certificates of participation issued by the state under a lease-purchase agreement, whereby the Florida Correctional Finance Corporation, a non-profit corporation, was created to hold bare legal title to the property in order to facilitate a lease-purchase agreement, and that the property was leased to the Correctional Privatization Commission, a private entity, which operated the facility through a contract with the Department.[1]
In concluding that it lacked jurisdiction to act on the suit to enjoin, the court rejected the Department's argument that the nonclaim statute was inapplicable because the entry of the assessment against property allegedly owned by the state was void under the doctrine of sovereign immunity. In reaching its decision, the court noted that both the Florida Supreme Court and the First District Court of Appeal had disapproved similar arguments that assessments which are void may be challenged even after the expiration of the statutory 60-day limitation period, citing Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988), and Ward v. Brown, 892 So.2d 1059 (Fla. 1st DCA 2003).
Because this is an appeal from a final summary judgment, our review standard is de novo, a standard that is particularly applicable to the issue before us in that the lower court's decision turned primarily upon an interpretation of section 194.171, which provides in part:
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)[.]
* * *
(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).
The statute, characterized in Markham as "a jurisdictional statute of nonclaim," was held to exclude even a challenge to a tax assessment as void if the challenge was filed over 60 days following the assessment. In reaching its decision, the Markham court abandoned the void/voidable analysis previously employed by it in Lake Worth Towers v. Gerstung, 262 So.2d 1 (Fla.1972), and fashioned a broad rule of preclusion without explicitly acknowledging any exception. Included in its list of void assessments were those made "in *381 violation of acts of Congress; where ... not authorized by valid law; where the property is not subject to the tax assessed; where the tax roll is illegal due to some affirmative wrongdoing by the taxing official." Markham, 527 So.2d at 815, n. 4. Later, in Ward v. Brown, 894 So.2d 811 (Fla.2004), the court approved this court's decision in Ward v. Brown, 892 So.2d 1059 (Fla. 1st DCA 2003), holding that private residential lessees of certain property owned by a county were time-barred from challenging tax assessments because they had not filed an objection to the assessments within the requisite 60 days, and it concluded its analysis with the following broad language: "[W]hether they [petitioners] are claiming an exemption or claiming that the assessors' action is illegal, unlawful, or void as an improper `classification' or for some other reason, they are still bound by the provisions of section 194.171(1) as we construed those provisions in Markham." Ward, 894 So.2d at 816.
If the above statements are required to be literally applied, then the government of the United States would be barred from contesting a patently illegal and void assessment on property owned by it and situated in this state by reason of its failure to challenge an assessment within the required 60 days. Given the far-reaching implications of the language used, we cannot believe that the court intended for the rule it embraced in Ward and Markham to pertain to property of the federal or state government, which has long been recognized as immune from taxation. For example, in Dickinson v. City of Tallahassee, 325 So.2d 1, 3 (Fla.1975), the court cited with approval the following language from Orlando Utilities Commission v. Milligan, 229 So.2d 262, 264 (Fla. 4th DCA 1969):
Exemption presupposes the existence of a power to tax whereas immunity connotes the absence of that power. The state and its political subdivisions, like a county, are immune from taxation since there is no power to tax them.
In State v. Alford, 107 So.2d 27, 29 (Fla.1958), the court explained that the term "immunity," which the Florida Statutes indiscriminately refer to as an "exemption," does "not ... depend[ ] upon statutory or constitutional provisions but rests upon broad fundamentals of government."
Because the Florida Supreme Court was clearly aware, when it decided Ward and Markham, of its prior opinions recognizing the immunity of sovereignty land from taxation, we cannot believe that the court, in abandoning the void/voidable dichotomy previously employed, intended for its interpretation of section 194.171 to apply to property owned by the state or its subdivisions and used by them for a governmental purpose. In so saying, we note that in both the above cases the parties contesting the assessments were private holders of the property in dispute. Thus, we strongly doubt that the court intended that its particular holding, or ratio decidendi, should be extended beyond the facts therein recited.
Nor do we find any provision in section 194.171, or elsewhere, reasonably implying that the nonclaim bar should be applied to actions brought by the sovereign on an assertion of immunity. For example, in subsection (3) of the statute, the taxpayer, as a precondition to filing an action, is required to pay an amount which he or she admits to owing. In section 194.181(1)(a),[2] the taxpayer is in part identified as the *382 party contesting the assessment of the tax. Because the legislature is presumed to be aware of prior existing laws and the constructions placed upon them, it is inconceivable to us that the legislature, at the time it enacted the jurisdictional nonclaim provision of section 194.171(6), by chapter 83-204, Laws of Florida, intended to include within the classification of taxpayer the state of Florida as a party contesting as void the assessment of lands by reason of the property's immune status.
Although it is recognized that within constitutional limits, the legislature may provide for taxes on lands of the state, it must express its intent to do so in clear and unmistakable terms. See State v. Alford, 107 So.2d 27 (Fla.1958). The legislature has itself paid heed to this dictum by providing: "All property of this state which is used for governmental purposes shall be exempt from ad valorem taxation, except as otherwise provided by law." § 196.199(1)(b), Fla. Stat. (2000). Other than section 194.171, a statute, which, like one of limitation, is procedural in nature, not substantive, in that it affects the procedure whereby one may assert a right of action, cf. Hoagland v. Railway Express Agency, 75 So.2d 822, 827 (Fla.1954), we have been cited to no statute, substantive or procedural, nor have we found any that subjects property of the state used for a governmental purpose to ad valorem taxation. In the absence of a clear expression of the legislature to such effect, we are of the opinion that section 194.171 was not designed to bar a claim by the state contesting an assessment because of the property's immunity from taxation.
We therefore conclude that the lower court erred in ruling that it lacked jurisdiction to reach the merits of the issue by reason of the provisions of section 194.171(2) and (6), which we determine are inapplicable to property owned by the state and used by it for a governmental purpose. Because, however, it is not altogether clear from some of the language used by the court in Ward and Markham in its construction of the nonclaim statute, we certify the following question to the Florida Supreme Court as one of great public importance:
DO THE JURISDICTIONAL NON-CLAIM PROVISIONS OF SECTION 194.171, FLORIDA STATUTES, APPLY TO BAR A CLAIM OF THE STATE THAT ASSERTS AN ASSESSMENT IS VOID BECAUSE IT WAS MADE ON PROPERTY IMMUNE FROM AD VALOREM TAXATION?
REVERSED and REMANDED.
WOLF and WEBSTER, JJ., concur.
NOTES
[1] During the pendency of the suit, the Department served notice that the duties of the Commission had been transferred to the Department.
[2] This section, as section 194.171, is placed under Part II of chapter 194, Florida Statutes, pertaining to judicial review.