382 So.2d 783 (1980)
DEPARTMENT OF REVENUE of the State of Florida, Appellant/Cross Appellee,
v.
Terry GOEMBEL et al., Appellees,
v.
TOMPKINS LAND COMPANY, INC., Appellee/Cross Appellant.
No. 78-778/T4-87.
District Court of Appeal of Florida, Fifth District.
April 9, 1980.
*784 Larry DeFrances, Tallahassee, for appellant/cross appellee.
Marjorie Bekaert Thomas of van den Berg, Gay & Burke, P.A., Orlando, for appellee/cross appellant.
ORFINGER, Judge.
Department of Revenue appeals a final judgment awarding appellee, Tompkins Land Company, Inc., an agricultural classification for the tax year 1973. Tompkins cross appeals the trial court's denial of the agricultural classification for 1974, and the trial court's disallowance of interest on the refund to which Tompkins is entitled under the final judgment. We affirm.
Appellee Tompkins acquired approximately 130 acres of citrus grove on December 29, 1972, at a price of $1,000,000, or more than $7,000 per acre. For years prior to 1973, the grove had been classified as agricultural lands for tax purposes. Tompkins duly made application for agricultural classification in 1973 and the assessor rejected the application because the purchase price paid by Tompkins was more than three times the prior agricultural value.[1] After exhausting its administrative remedies, Tompkins filed suit for a determination that it was entitled to agricultural classification for 1973, paid the full amount of the tax levied, and requested a refund of any coverage, plus interest.
Prior to the non-jury trial in 1977, the court indicated that it would also try Tompkins' assertion that it was entitled to the agricultural classification for the tax years 1974, 1975, 1976, and 1977, although no separate suits had been filed for those years, nor had there been any attempt to amend the complaint to include allegations or prayers for relief for those years. At trial, the Department of Revenue moved to strike any request for relief subsequent to 1973. After taking extensive testimony, the court found from the evidence that: (1) Tompkins was entitled to agricultural classification *785 for 1973; (2) Tompkins was not entitled to relief for 1974, because it had filed no separate action to contest the denial, nor had it effectively amended its complaint, but even had it done so, the evidence did not show that it was entitled to the classification for 1974; (3) Tompkins was entitled to no relief for 1975, 1976, or 1977; (4) Tompkins was entitled to a refund of taxes paid in 1973 in excess of the amount which would have been paid if the land had been assessed as agricultural lands, but was not entitled to interest on the refund. The Department has appealed the award of the agricultural classification for 1973, and Tompkins has cross appealed the denial of relief for 1974 and the disallowance of interest on the 1973 refund. Any contentions as to 1975, 1976 and 1977 have been abandoned.

I. The 1973 Assessment.

The facts involved in this controversy are not in dispute. The record shows that the property in question was operated as a citrus grove by the prior owner from 1960 until it was sold to Tompkins in late 1972. The terms of the sale permitted the seller to harvest the 1973 crop and required the seller to maintain the grove through the harvest time. The record shows that the seller did maintain the grove after the sale in the same manner as before, and harvested more than 10,000 boxes of fruit in April, 1973. The grove was otherwise well maintained in 1973. The record is also clear that the agricultural classification was denied for 1973 solely on the basis of the purchase price.
Lands which are used primarily for bona fide agricultural purposes are entitled to an agricultural classification for tax purposes.[2] Section 193.461(4)(c), Florida Statutes (Supp. 1972) creates a presumption that land sold for more than three times its agricultural assessment is not so used, but the presumption may be rebutted upon a showing of "... special circumstances by the landowner demonstrating that the land is to be continued in bona fide agricultural ..." The Department takes the position that once a sale is shown for more than three times the agricultural assessment, the "special circumstances" requirement of the statute is not met by merely showing a continuation of an agricultural use. It asserts that the owner must show something unique and definitely must show a reasonable expectation of meeting investment costs and of making a reasonable profit, relying on cases such as Markham v. Nationwide Development Company, 349 So.2d 220 (Fla. 4th DCA 1977). The record shows that Tompkins' return on its investment for 1973 was minimal.
While profit is a factor for consideration, it is clear that it is not, by itself, a determinative or controlling factor. The phrase "special circumstances" of Sec. 4(c) of the Statute must be read pari materia with Sec. 3(b) of the same Statute, which lists seven criteria for determining bona fide agricultural use, of which the purchase price is but one. Therefore, the assessor must consider the other six factors as well. Straughn v. K & K Land Management, Inc., 326 So.2d 421 (Fla. 1976). The contention that the economic factor must outweigh actual physical use factors is without merit. Straughn v. K & K Land Management, Inc., *786 347 So.2d 724 (Fla.2d DCA 1977). Use is still the guidepost in classifying land, although other specifically enumerated factors relative to use may also be considered. Commercial agricultural use simply adds another factor, i.e., profit or profit motive, which may be considered by the tax assessor in determining whether or not a claimed agricultural use is bona fide. The statute does not limit agricultural classification to commercially profitable agricultural operations. Straughn v. Tuck, 354 So.2d 368 (Fla. 1968). The commercial profitability doctrine was apparently laid to rest in Roden v. K & K Land Management, Inc., 368 So.2d 588 (Fla. 1978), wherein our Supreme Court said:
As the Department of Revenue has done before, it stresses that commercial success is a necessary circumstance for rebuttal. We reject this notion. As we stated in Straughn v. K & K Land Management, 326 So.2d 421 (Fla. 1976), "special circumstances" may be drawn from the factors for consideration in the classification process listed in Section 193.461(3)(b). The presence of all or any one factor in particular is not necessary for the presumption's rebuttal. at 589.
There was ample evidence in the record before the trial court upon which he could base his finding that the property was used for bona fide agricultural purposes in 1973, notwithstanding the minimal profit, and we will not disturb his ruling.

II. The 1974 Assessment.

Tompkins asserts error in the finding of the trial court that it is not entitled to relief for 1974 because no action was filed within the 60-day statutory period.[3] Tompkins asserts that the trial court could have made a determination notwithstanding the absence of a complaint or amendment, because neither the assessor nor the Department of Revenue raised any affirmative defense to the trial court's announced intention to consider tax years subsequent to 1973. The Department correctly asserts that the statute in question is jurisdictional, rather than a limitation, and as such cannot be waived. Since Tompkins did not file suit for 1974 and for the subsequent years within the statutory period for filing such suit, the trial court had no jurisdiction to consider those years, and it was not necessary for either the assessor or the Department to assert that position by affirmative defense. Coe v. ITT Community Development Corporation, 362 So.2d 8 (Fla. 1978). The trial court was correct in holding that Tompkins was not entitled to relief for 1974.

III. Interest on the refund.

Tompkins contends that it is entitled to interest on the refund of overpaid taxes, and that the trial court erred in not allowing it. Immunity from claims for interest against the State is an attribute of sovereignty and is implied for the benefit of the State. It may be waived by a statute, either expressly or by implication. Treadway v. Terrell, 117 Fla. 838, 158 So. 512 (1935). Interest has been allowed against the State where a money judgment has been secured against it, because of the statutory authority for interest on money judgments. Florida Livestock Board v. Gladden, 86 So.2d 812 (Fla. 1956). However, interest has not been allowed in tax refund claims, because of the absence of statutory authority. Mailman v. Green, 111 So.2d 267 (Fla. 1959); Hansen v. Port Everglades Steel Corporation, 155 So.2d 387 (Fla.2d DCA 1963); State ex rel. Four-Fifty Two-Thirty Corporation v. Dickinson, 322 So.2d 525 (Fla. 1975). There being no statutory authority for the allowance of interest on a tax refund, the trial court was correct in its denial of that claim.
There being no error demonstrated in the findings of the trial court, the final judgment is
AFFIRMED.
CROSS and SHARP, JJ., concur.
NOTES
[1] Sec. 193.461(4)(c), Fla. Stat. (Supp. 1972): (c) Sale of land for a purchase price which is three or more times the agricultural assessment placed on the land shall create a presumption that such land is not used primarily for bona fide agricultural purposes. Upon a showing of special circumstances by the landowner demonstrating that the land is to be continued in bona fide agricultural, this presumption may be rebutted.
[2] Sec. 193.461(3)(b), Fla. Stat. (Supp. 1972): "(b) Subject to the restrictions set out in this section, only lands which are used primarily for bona fide agricultural purposes shall be classified agricultural. `Bona fide agricultural purposes' means good faith commercial agricultural use of the land. In determining whether the use of the land for agricultural purposes is bona fide, the following factors may be taken into consideration:

1. The length of time the land has been so utilized;
2. Whether the use has been continuous;
3. The purchase price paid;
4. Size, as it relates to specific agricultural use;
5. Whether an indicated effort has been made to care sufficiently and adequately for the land in accordance with accepted commercial agricultural practices, including, without limitation, fertilizing, liming, tilling, mowing, reforesting, and other accepted agricultural practices;
6. Whether such land is under lease and, if so, the effective length, terms, and conditions of the lease; and
7. Such other factors as may from time to time become applicable."
[3] Sec. 194.171(2) Fla. Stat. (Supp. 1972): "No action shall be brought to contest a tax assessment after sixty days from the date the assessment roll is certified for collection under § 193.122(2)."