646 So.2d 803 (1994)
STATE of Florida, DEPARTMENT OF REVENUE and Joseph E. Rosenhagen, as Tax Collector of Broward County, Florida, Petitioners,
v.
The Honorable Leonard L. STAFFORD, Circuit Judge of the Seventeenth Judicial Circuit Court, in and for Broward County, Florida, Respondent.
No. 94-1692.
District Court of Appeal of Florida, Fourth District.
December 7, 1994.
*804 Robert A. Butterworth, Atty. Gen., Mark T. Aliff, Asst. Atty. Gen., and Joseph C. Mellichamp, Sr. Asst. Atty. Gen., Tallahassee, John J. Copeland, Jr., County Atty., for Broward County.
Anthony C. Musto, Sr. Asst. County Atty., and Joan M. Levit, Asst. County Atty., Fort Lauderdale, for petitioners.
James E. Tribble of Blackwell & Walker, P.A., Miami, for respondent-FDIC.
PARIENTE, Judge.
The State Department of Revenue and the Broward County Tax Collector (petitioners) challenge the jurisdiction of the circuit court over a lawsuit filed by the Federal Deposit Insurance Corporation (respondent FDIC) contesting the validity of the assessment for ad valorem tax purposes of certain real and tangible property for the years 1990 through 1992. We grant the petition for writ of prohibition because respondent FDIC did not comply with the jurisdictional requirements of section 194.171, Florida Statutes (1993), governing challenges to property tax assessments. We reject respondent FDIC's contention that section 197.182, Florida Statutes (1993), governing administrative refunds with its four-year statute of limitation, rather than section 194.171, with its sixty-day jurisdictional limitation, can be used as a vehicle by which a subsequent property owner may *805 challenge tax assessments for years prior to the respondent's ownership of the property.
This court has the authority to issue a writ of prohibition where the lower court has exceeded its jurisdiction. Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992). Specifically, in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied sub nom. Abundant Life Christian Centre, Inc. v. Markham, 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991), we issued a writ of prohibition where the trial court exceeded its jurisdiction by failing to dismiss a cause of action challenging a tax assessment because the sixty-day filing period for contesting a tax assessment of subsection 194.171(2) had not been met. See also Markham v. Hinckley, 544 So.2d 1139 (Fla. 4th DCA), rev. denied sub nom. Bond v. Markham, 553 So.2d 1164 (Fla. 1989); Clark v. Cook, 481 So.2d 929 (Fla. 4th DCA 1985). The sixty-day requirement of subsection 194.171(2) has been strictly enforced as a jurisdictional statute of nonclaim, even where the authority to assess is challenged on constitutional grounds or the assessment is attacked as void and not merely voidable. See Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla. 1988). Thus, in Neptune Hollywood Beach Club, the supreme court rejected the notion that an action challenging the assessment as void or unauthorized could be filed at any time.
Recognizing the clear and strict limitations of subsection 194.171(2), respondent FDIC has attempted to circumvent those limitations by couching its complaint as an action for a refund, which it asserts falls within the scope of section 197.182. However, the request for the refund is based on its assertion that the assessments for the years 1990 through 1992 were "unjust, capricious, arbitrary and illegal." In the relief sought, respondent FDIC requests the trial court order the tax collector to pay refunds based upon its determination of the "just value assessment of the subject properties for the years in question."
Respondent FDIC was neither the owner nor the taxpayer of the subject property during the time period mandated by section 194.171 for challenging the assessments. Respondent FDIC did not become the owner of the property until March 13, 1993 and then subsequently paid, under protest, all outstanding ad valorem taxes on the subject property. The second amended complaint shows on its face that it was not filed within sixty days of certification of the 1990, 1991 and 1992 tax rolls or within sixty days of any action of the Property Appraisal Adjustment Board, whichever is later. Respondent FDIC concedes this. In fact, in the allegations of the second amended complaint, respondent FDIC affirmatively states that the original owner failed to take any action to challenge the taxes.
In this case, the trial court, while denying petitioners' motion to dismiss, granted the Broward County Property Appraiser's motion to dismiss and motion to drop him as a party to this action. This motion raised the court's lack of subject matter jurisdiction over an action challenging a tax assessment filed after the jurisdictional time period expired. Section 194.181, Florida Statutes (1993) requires that in any action contesting the assessment of any property, the "county property appraiser shall be a party defendant." If we were to allow a cause of action under section 197.182 in this case, the court would be placed in a position of determining the validity of an assessment made by the Broward County Property Appraiser without the property appraiser as a party to the proceedings. Compare Bonavista Condominium Assoc., Inc. v. Bystrom, et al., 520 So.2d 84 (Fla. 3d DCA 1988). Without reaching the question of whether the property appraiser would be an indispensable party to an action contesting valuation decisions made by his office, we find that the allegations of the second amended complaint fall clearly within the scope of section 194.171 and not the scope of 197.182.
Section 194.171 is located in the chapter on administrative and judicial review of property taxes. It provides as follows:
Circuit court to have original jurisdiction in tax cases.
(1) The circuit courts have original jurisdiction at law of all matters relating to *806 property taxation. Venue is in the county where the property is located.
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.
(3) Before an action to contest a tax assessment may be brought, the taxpayer shall pay to the collector not less than the amount of the tax which he admits in good faith to be owing. The collector shall issue a receipt for the payment, and the receipt shall be filed with the complaint.
(4) Payment of a tax shall not be deemed an admission that the tax was due and shall not prejudice the right to bring a timely action as provided in subsection (2) to challenge such tax and seek a refund.
(5) No action to contest a tax assessment may be maintained, and any such action shall be dismissed, unless all taxes on the property assessed in years after the action is brought, which the taxpayer in good faith admits to be owing, are paid before they become delinquent.

(6) The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

(Emphasis supplied.) The jurisdictional limitations on challenges by a taxpayer to an assessment found in section 194.171 have been held to be constitutional and not to unreasonably restrict a taxpayer's access to the courts. See Bystrom v. Diaz, 514 So.2d 1072 (Fla. 1987); Rudisill v. City of Tampa, 151 Fla. 284, 9 So.2d 380 (Fla. 1942).
We are advised that this is a case of first impression. No appellate case has discussed the possibility that by invoking section 197.182, a litigant could successfully circumvent the clear and strict jurisdictional requirements of section 194.171. Respondent contends that the two statutes provide alternative forms of relief to taxpayers  section 194.171 to apply when a taxpayer attacks the assessment without payment of the taxes and section 197.182 to apply when payment in full has been made. Respondent FDIC urges us to read the two statutes in pari materia and construe section 197.182 to apply when the taxes have been paid in full and a refund is then sought based on an attack on the valuation. To do this, we would be required to disregard the plain language of both statutes, including the strict jurisdictional time limits and other statutorily-imposed limitations to an action contesting the amount of an assessment.
We do not find section 197.182 to be applicable to an action challenging the basis for an assessment. By its own language, the section governs disputes involving "collections" of taxes, not "assessments" and is found in the chapter on tax collections, sales and liens. While section 194.171 provides the vehicle for challenging assessments, section 197.182, upon which respondent FDIC relies, is a complete administrative procedure for applying for refunds or cancellations through the Department of Revenue under certain circumstances. The statute enumerates the specific circumstances in which a refund may be sought: when an overpayment has been made; when a payment has been made when no tax was due; when the taxpayer was not liable for the payment of the tax; when a payment has been made in error; or when a payment has been made for tax certificates that are subsequently corrected or are subsequently determined to be void. See, e.g., subsection 197.182(1)(a)(1)-(5). None of the statutory provisions contemplate an attack on the judgment of the property appraiser based on the amount of the assessment as grounds for a refund. See Op.Att'y Gen.Fla. 091-31 (1991).
Respondent FDIC suggests that subsection 197.182(1)(a)(1), which provides for refunds when an "overpayment" has been made, applies. However, subsection (2)(a) of Rule 12D-13.009  Refunds, found in the governing *807 rules for processing refund requests, defines "overpayment" to mean:
a payment where a tax was due and where the assessed value as defined in section 192.001(2), F.S. was correct and is not being changed, but through an error, the amount of tax paid was in excess of the amount due. Examples would be mathematical errors by taxpayers and failure to take the applicable discount.
In addition, subsection (2)(a)(1) of the same rule also includes within the definition of "overpayment":
The term `overpayment' shall also include a payment in excess of the assessment found to be due by a final order of a value adjustment board where the taxpayer timely filed a petition with such value adjustment board and such value adjustment board finding is not subject to an assertion by the property appraiser pursuant to section 194.036.
This case does not involve an overpayment; it involves an untimely attack on the assessed value of property.
Respondent FDIC would have us construe overpayment to include a situation where a taxpayer or subsequent property owner has belatedly paid its property taxes, but then contends an "overpayment" was made by attacking the amount of the assessment. We would be effectively overriding the plain meaning of section 194.171 governing actions contesting tax assessments, by providing an alternative mechanism to attack assessments up to four years after the fact as long as the amount of the delinquent taxes were first paid  disregarding the time of payment. By claiming an "overpayment" under section 197.182, respondent FDIC is, in effect, conceding that some amount of the tax was admittedly owed. It thus chooses to ignore subsections 194.171(3) and (5), which bar an action challenging the assessment unless the taxes admitted to be owed in good faith are paid before they become delinquent. See Markham v. Corlett, 453 So.2d 907 (Fla. 4th DCA 1984); Reid v. Lucom, 349 So.2d 661 (Fla. 4th DCA 1977), cert. denied, 358 So.2d 132 (Fla.), cert. denied, 439 U.S. 860, 99 S.Ct. 180, 58 L.Ed.2d 169 (1978).
Respondent FDIC argues that if we were not to construe the statutes as providing alternative forms of relief, its due process rights would be violated because during the years that the assessment was made, it did not possess, have an interest in, or hold title to the property. No case authority is offered in support of this position.
Despite respondent FDIC's attempt to invoke section 197.182 as a jurisdictional basis for relief, we agree with petitioners that it would be illogical and unreasonable to have two such disparate periods of limitations (sixty days in section 194.171 and four years in section 197.182) and disparate requirements concerning payment of taxes applicable to the same cause of action  a property appraiser's valuation decision. Principles of statutory construction support this conclusion. As Justice Adkins stated in City of Boca Raton v. Gidman, 440 So.2d 1277, 1282 (Fla. 1983):
A law should be construed together with any other law relating to the same purpose such that they are in harmony. Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981); Garner v. Ward, 251 So.2d 252 (Fla. 1971). Courts should avoid a construction which places in conflict statutes which cover the same general field. Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294 (1934). The law favors a rational, sensible construction. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 So. 152 (1932).
The rational and sensible construction is that section 194.171 is the only statute which applies when an assessment decision is to be challenged. Because respondent FDIC admittedly did not comply with the jurisdictional prerequisites, the second amended complaint should have been dismissed for lack of subject matter jurisdiction.
Accordingly, we grant the petition for writ of prohibition and quash the trial court's order denying petitioners' motion to dismiss.
STONE and WARNER, JJ., concur.