654 So.2d 249 (1995)
STATE OF FLORIDA, DEPARTMENT OF REVENUE, Appellant,
v.
GERALD SOHN, P.A., a/k/a Gerald Sohn, P.A., Trustee, Appellee.
No. 94-61.
District Court of Appeal of Florida, First District.
April 26, 1995.
Robert A. Butterworth, Atty. Gen., and Mark T. Aliff, Asst. Atty. Gen., Tallahassee, for appellant.
*250 Gerald Sohn of Gerald Sohn, P.A., Jacksonville, pro se.
SMITH, Senior Judge.
This is an appeal of a final order directing the Department of Revenue to approve a tax refund. The order also directs the Duval County tax collector to issue the refund. We affirm.
Appellee, Gerald Sohn, purchased four tax certificates on land located in Duval County. After the purchase Sohn, as a holder of the tax certificates, applied to the tax collector for a reclassification of the property, a correction of the properties' values and a pro rata refund of the taxes paid as part of the purchase. The tax collector agreed the classifications were in error,[1] forwarded the Department of Revenue tax certificates alleging error, and requested corrections and refunds. The Department denied the requests.
Sohn filed a declaratory judgment action in circuit court. The Department moved to dismiss, asserting that the trial court lacked jurisdiction because the certificate holder's action was nothing more than a contest of a tax assessment, and that such an action was time barred pursuant to section 194.171, Florida Statutes, because it had not been filed within 60 days from the date the assessment had been certified for collection. The trial court denied the motion to dismiss and after a bench trial issued the order being appealed.
On appeal the Department argues that the trial court lacked jurisdiction, and that even if it had jurisdiction the correction of the tax certificates was based on the exercise of "judgment" on the part of the property appraiser and not on an error of omission or commission, and thus the reclassification was improperly granted.
Based on the record we have before us we cannot say the trial court erred. In our opinion, this was an action to reclassify the property, not a contest to the assessment, and the trial court had jurisdiction. The Fourth District Court of Appeal's opinion in Department of Revenue v. Stafford, 646 So.2d 803 (Fla. 4th DCA 1994), relied on by the Department is inapposite. That case holds that an action for a refund is limited to those circumstances set forth in section 197.182, Florida Statutes, and it cannot be used as a subterfuge to revisit the assessment. As the court noted in that case, no matter how the complaint was couched the taxpayer was clearly challenging the assessment on grounds that it was "unjust, capricious, arbitrary and illegal," an action cognizable only under the strictures of section 194.171, which allows a suit to be filed only within 60 days from the date the assessment roll is certified for collection.
In contrast to Stafford, the case before us involves a legitimate reclassification of the property as authorized under section 197.122(1), Florida Statutes. In maintaining that this action is also governed by the 60-day period provided in section 194.171(2), we believe the department ignores both the nature of the action and its own rules interpreting the applicable statutes. In Rule 12D-13.006, section (10), the department set forth "Special Rules Governing Tax Certificate Corrections," providing in subsection (a) the following pertinent language:
(a) When a tax certificate has been sold and the property appraiser certifies to the tax collector that an error has been made in the assessment of the property, or any other error that may be corrected, the tax collector shall submit a request to correct the tax certificate. The request to correct or cancel shall be forwarded to the Department of Revenue for consideration... . Otherwise, only the Department of Revenue or a court of law may cancel a tax certificate.
Further, subsection (c) of that rule states in part:
(c) When the correction results in a reduction in the principal of the tax certificate, the holder of the certificate shall be entitled to a refund of the amount of the reduction... .
*251 Rule 12D-13.006 implements various statutes, including those authorizing corrections of errors of omission or commission "at any time" (section 197.122); corrections of tax certificates (section 197.443); and applications for refund (section 197.182). As above shown, subsection (a) provides for correction of errors in the assessment after a tax certificate has been sold, and subsection (c) provides for a refund when a correction results in a reduction of the principal amount of the tax certificate. In addition, Rule 12D-8.021(2)(a) specifies error that "shall be subject to correction," including, in subparagraph 7, "Errors in classification of property." Subparagraph (b) of subsection (2) states that the error that may be corrected "shall not be limited" to the enumerated examples, but "shall apply to any errors of omission or commission that may be subsequently found." A reading of these rules in their entirety in conjunction with the statutes implemented leads to the conclusion that errors in the classification of property are subject to correction at the request of a tax certificate holder, and that a refund of the amount paid for the certificate is authorized when the correction results in a reduction of the principal amount represented by the certificate.
The Department argues, relying on Attorney General Opinion 91-31, that the reclassification was a change in judgment and not a correction of omission or commission. We disagree. It is clear that mistakes in judgment cannot be corrected after the tax roles are certified. Markham v. Friedland, 245 So.2d 645 (Fla. 4th DCA 1971). However, in this case the trial court found that the reclassification was based on an error of omission or commission. There is competent substantial evidence in the record to support that finding. While the record on appeal contains no transcript of the proceedings before the trial court, it does contain an affidavit from William Edgar Smith, Deputy Property Appraiser for Duval County, which was admitted into evidence by stipulation of the parties. In his affidavit Smith averred that in his expert opinion, the excessive appraisals of the subject parcels were errors of commission or omission, and not errors of judgment by the property appraiser. This distinction was a crucial issue in that, while errors of the former type may be corrected at any time under section 197.122(1), Florida Statutes, as the department conceded at oral argument, once the property appraiser has certified the tax rolls to the tax collector for collection, no subsequent changes may be made to the tax rolls which result from a change in judgment by the property appraiser. Korash v. Mills, 263 So.2d 579 (Fla. 1972). Smith based his opinion on the obvious character of the parcels, the correct classification of which required no exercise of "judgment" by the property appraiser.
The Attorney General's Opinion 91-31 is not persuasive. It merely states:
the proposed corrections in the instant inquiry ... would appear to be in the nature of a judgment and thus not subject to change. The certificates of correction from the property appraisers pertain to an apparent change in the condition or utility of the property, which matters, if known, would necessitate a change of judgment by the property appraiser. As noted above, once the tax roll has been certified to the tax collector, changes in judgment regarding the assessment of property are impermissible.
The opinion was in response to a specific question which referred to certain changes presumed by the Attorney General to reflect changes of judgment. Whether a given change constitutes the correction of an error of omission or commission, or a change in judgment, would appear at least in some instances to present a mixed question of law and fact. Here, the only evidence before this trial court, so far as the record discloses, characterized the corrections as dealing with matters of omission or commission, not matters of judgment. On this record, we are not persuaded that the trial court erred as a matter of law in accepting that evidence.
Accordingly, we affirm.
ALLEN and DAVIS, JJ., concur.
NOTES
[1] Originally three of the parcels were classified as commercial vacant land and one parcel was classified as a lumber yard/wasteland. The parcels were reclassified as wetlands and a toxic waste site.