714 So.2d 1136 (1998)
James SARTORI d/b/a Willowbrook Farms, Appellant,
v.
DEPARTMENT OF REVENUE and Rod Northcutt, etc., Appellee.
No. 97-1385.
District Court of Appeal of Florida, Fifth District.
July 17, 1998.
Kenneth G. Oertel and M. Christopher Bryant of Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for Appellants.
*1137 Robert A. Butterworth, Attorney General, and Mark T. Aliff, Assistant Attorney General, Tallahassee, for Appellee.
ANTOON, Judge.
The issue in this appeal is whether the trial court erred in dismissing as untimely James Sartori's declaratory judgment action against the Department of Revenue (DOR) and the Brevard County tax collector (County). Sartori instituted suit requesting that the trial court enter an order directing DOR to refund ad valorem taxes which Sartori had paid on pollution control equipment located on his dairy farm. We reverse because Sartori filed the instant action within the applicable four-year statute of limitations provided in section 197.182(1)(c), Florida Statutes (1995).
In 1990, Sartori installed pollution control equipment on his dairy farm in Brevard County. Three years later, the County advised Sartori that the equipment was to be placed on the County's tax rolls because it was subject to real estate taxes. Sartori maintained that he was not obligated to pay the taxes assessed on the equipment because, pursuant to section 193.621, Florida Statutes (1993), his pollution control equipment was subject to taxation at salvage value, not its fair market value. Section 193.621, in relevant part, provides:
193.621 Assessment of pollution control devices.
(1) If it becomes necessary for any person, firm or corporation owning or operating a manufacturing or industrial plant or installation to construct or install a facility, as is hereinafter defined, in order to eliminate or reduce industrial air or water pollution, any such facility or facilities shall be deemed to have value for purposes of assessment for ad valorem property taxes no greater than its market value as salvage. Any facility as herein defined heretofore constructed shall be assessed in accordance with this section.
However, the County apparently was not familiar with the provisions of section 193.621, and, as a result, taxes were assessed against Sartori's property based upon the fair market value of the pollution control equipment. In June 1993, Sartori was directed to pay taxes on the equipment for the 1993 tax year, as well as back taxes for the years 1990 through 1992. The tax levied on the equipment totaled $117,354.
Sartori initially challenged the tax assessment by filing a petition with the County's value adjustment board, arguing the amount of his assessment was too high because it was improperly based on the fair market value of his pollution control equipment. However, Sartori's protest was not presented to the board because he failed to appear at the scheduled board meeting. Thereafter, on October 19, 1993, Brevard County's ad valorem tax rolls, including the fair market value assessment on Sartori's pollution control equipment, were certified for collection.
In the meantime, the County filed a request with the state Department of Environmental Regulation (DER), seeking a recommendation concerning whether Sartori's pollution control equipment qualified under the provisions of section 193.621. In so doing, the County was relying upon section 193.621(6), Florida Statutes (1993), which authorized a county property appraiser to request an opinion from DER concerning an assessment:
193.621 Assessment of pollution control devices.
* * * * * *
(6) If a property appraiser is in doubt whether a taxpayer is entitled, in whole or in part, to an assessment under this section, he may refer the matter to the Department of Environmental Regulation for a recommendation.
While the County's request was pending, Sartori paid his $117,354 tax bill in good faith, but under protest.
In July 1994, DER advised the County that Sartori's pollution control equipment was subject to assessment at salvage value. The County immediately realized that Sartori's tax assessment was improper and, wanting to correct the error, requested that DOR refund Sartori the $117,354 which he had paid in taxes. DOR denied the request as being untimely. Following the denial, Sartori sought a formal administrative hearing to *1138 challenge DOR's decision; however, DOR refused to grant him a hearing.
In August 1996, Sartori filed this declaratory judgment action requesting the trial court to enter an order directing DOR to refund the taxes which he had paid on his pollution control equipment. DOR moved to dismiss Sartori's complaint arguing it was not timely filed because, pursuant to subsection 194.171(2) of the Florida Statutes (1993), a challenge to a tax assessment must be raised within sixty days of the date the county tax rolls are certified and Sartori missed the sixty-day deadline. Section 194.171 provides, in relevant part:
194.171 Circuit court to have original jurisdiction in tax cases.
(1) The circuit courts have original jurisdiction at law of all matters relating to property taxation.
* * * * * *
(2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2)....
(Emphasis added).
The trial court conducted a hearing on the matter. Upon review of the arguments presented, the trial court entered an order dismissing Sartori's lawsuit. In so ruling, the trial court concluded that Sartori's lawsuit was untimely filed because this matter was governed by section 194.171, Florida Statutes (1993). The trial court ruled that Sartori's lawsuit was untimely filed because the August 1996 lawsuit constituted a "contest to a tax assessment" and therefore Sartori had only until December 18, 1993 to file the lawsuit (since the ad valorem tax rolls in Brevard County for 1993 were certified for collection on October 19, 1993). The trial court reasoned that by filing suit in August 1996, more than sixty days after the certification, Sartori missed the deadline.
Sartori argues that his declaratory judgment action was not subject to section 194.171's sixty-day deadline because his lawsuit was not asserting a "contest to a tax assessment", but instead, involved a request for a tax refund based on the theory that the County had improperly "classified" his pollution control equipment for valuation purposes. Sartori contends that his lawsuit alleged the County erred in "classifying" his pollution control equipment as if it were a routine capital improvement which could be taxed at fair market value, and that the County should have classified the equipment as a "special class of property" under section 193.621 which is subject to be taxed at salvage value. He further argues that, under section 197.182, Florida Statutes (1995), and rule 12D-8.021 of the Florida Administrative Code, he had four years within which to institute his lawsuit seeking a refund. Section 197.182, Florida Statutes (1995), in relevant part, provides:
197.182 Department of Revenue to pass upon and order refunds.-
(1) (a) Except as provided in paragraph (b), the department shall pass upon and order refunds when payment of taxes assessed on the county tax rolls has been made voluntarily or involuntarily under any of the following circumstances:
1 . When an overpayment has been made.
* * * * * *
(c) Claims for refunds shall be made in accordance with the rules of the department. No refund shall be granted unless claim is made therefor within 4 years of January 1 of the tax year for which the taxes were paid.
(Emphasis added). Rule 12D-8.021 of the Florida Administrative Code provides:
TITLE 12 DEPARTMENT OF REVENUE
DIVISION OF AD VALOREM TAX
CHAPTER 12D-8 ASSESSMENT ROLL PREPARATION AND APPROVAL
12D-8.021, F.A.C.
12D-8.021 Procedure for the Correction of Errors by Property Appraisers.

*1139 (1) This rule shall apply to errors made by property appraisers in the assessment of taxes on both real and personal property.
* * * * * *
(a) The following errors shall be subject to correction
* * * * * *
7. Errors in classification of property.
* * * * * *
12. Any error of omission or commission which results in an overpayment of taxes, including clerical error.
(b) The correction of errors shall not be limited to the preceding examples, but shall apply to any errors of omission or commission that may be subsequently found.
(Emphasis added). See also § 95.11(3)(m), Fla. Stat. (1993)(providing that four-year statute of limitations applies to "[a]n action for money paid to any governmental authority by mistake or inadvertence)." Stated another way, Sartori maintains that his declaratory judgment action was not time barred because his request for an ad valorem tax refund was based on the "error of omission and commission" made by the County in failing to "classify" the improvements to his property as pollution control equipment and thus the lawsuit was timely filed within the applicable four-year statute of limitations.
DOR responds by arguing that the trial court's dismissal order must be affirmed because this court's decision in Department of Revenue v. Goembel, 382 So.2d 783 (Fla. 5th DCA 1980), is controlling. In Goembel, Tompkins Land Company, Inc., the taxpayer, filed suit seeking a determination that it was entitled to receive an agricultural classification for its property pursuant to Chapter 193 of the Florida Statutes for the tax years of 1973 through 1977. Id. at 784. Before filing suit, Tompkins paid the full amount of the tax levied and requested a refund of any overage. The trial court denied Tompkins' request, ruling that Tompkins was not entitled to relief on its claim for a refund for the 1974 tax year because, inter alia, the complaint was not filed within the sixty-day time period provided in section 194.171. Goembel, 382 So.2d at 786. Tompkins appealed this ruling. Upon review, this court affirmed the trial court, summarily stating that, "[s]ince Tompkins did not file suit for 1974 and for the subsequent years within the statutory period for filing such suit [i.e., the sixty-day time period], the trial court had no jurisdiction to consider those years...." Id. In so ruling, the panel did not discuss the specific issue raised by Sartori in the instant case, which is whether a claim pertaining to the classification of property under Chapter 193 of the Florida Statutes constitutes a contest to a "tax assessment" or instead, a challenge to the "classification of property." As a result, the ruling in Goembel is not necessarily controlling. We must further analyze this issue.
Upon review, we conclude that Sartori is correct that his declaratory judgment action is not time barred by the sixty-day time limit in section 194.171, Florida Statutes (1993) because the lawsuit does not challenge the County's valuation of his property (i.e., contest a tax assessment). Sartori's lawsuit clearly challenges the County's classification of his property for valuation purposes; therefore, Sartori had four years within which to file suit. See § 195.073, Fla. Stat. (1993)(defining the statutory classifications of property); Fla. Admin. Code R. 12D-8.008 (outlining in more detail classifications of property).
In reaching this conclusion, we first note that our courts have previously recognized the difficulty in distinguishing between a cause of action which contests a tax assessment and a cause of action which contests a property classification, and that making such a distinction depends entirely upon the facts of each case. For example, in State, Department of Revenue v. Stafford, 646 So.2d 803, 804 (Fla. 4th DCA 1994), DOR challenged the jurisdiction of the circuit court over a lawsuit filed by FDIC, the taxpayer. In the lawsuit, FDIC contested the validity of the tax assessed on its property and sought a refund. The fourth district concluded the trial court lacked jurisdiction over the lawsuit because FDIC had failed to file its complaint within the sixty-day time period set forth in *1140 section 197.171. Id. at 806. The court rejected the argument that the four-year statute of limitations set forth in section 197.182 governed the case, explaining that, although the lawsuit stated a cause of action for a refund, the request for the refund was
based on [FDIC's] assertion that the assessments for the years 1990 through 1992 were `unjust, capricious, arbitrary and illegal.' In the relief sought, respondent FDIC requests the trial court order the tax collector to pay refunds based upon its determination of the `just value assessment of the subject properties for the years in question.'
Id. at 805. The court emphasized that, "[t]his case does not involve an overpayment; it involves an untimely attack on the assessed value of property." Id. at 807.
In contrast, Sartori never challenged the County's judgment regarding the value of his pollution control equipment. Instead, during the entirety of these proceedings the only dispute raised by Sartori was that the County erred in refusing to classify the improvements to his dairy farm as pollution control equipment. Importantly, unlike the taxpayer in Stafford, Sartori never contended that the County's assessment was "unjust," "arbitrary," "capricious," or "illegal."
In State, Department of Revenue v. Gerald Sohn, P.A., 654 So.2d 249 (Fla. 1st DCA 1995), the first district also recognized the distinction between a claim of error regarding the classification of property for taxation purposes and a claim of error regarding the exercise of judgment in assessing the value of certain property. In that case, Sohn purchased four tax certificates on land located in Duval County. After the purchase he applied for a reclassification of the property and a pro rata refund of the taxes paid as part of the purchase price. The land was subsequently reclassified; however, DOR denied Sohn's request for a refund. Sohn filed a declaratory judgment action seeking a refund and DOR moved to dismiss the action, asserting that the trial court lacked jurisdiction over the lawsuit because the suit had not been filed within sixty days from the date the county's tax rolls were certified for collection. The trial court denied the dismissal motion, and DOR appealed. Upon review, the first district affirmed the denial of the dismissal motion, ruling that "this was an action to reclassify the property, not a contest to the assessment, and the trial court had jurisdiction." Id. at 250. The court distinguished Stafford, explaining that Sohn's claim involved
a legitimate reclassification of the property as authorized under section 197.122(1), Florida Statutes.... A reading of [Florida's administrative] rules in their entirety in conjunction with the statutes implemented leads to the conclusion that errors in the classification of property are subject to correction....
654 So.2d at 250-51. The court explained that the property appraiser's error in classification was an error of omission or commission, not a change in judgment, and that the correction of a classification of property requires "no exercise of `judgment' by the property appraiser". Id. at 251. We conclude that the instant action is controlled by Sohn.
In reaching the conclusion that Sartori's lawsuit involves a question of property classification, not property valuation, we are influenced by the legislature's stated intent to afford favorable tax status to owners of pollution control equipment. In this regard, section 403.021, Florida Statutes (1995), contains our legislature's declaration of public policy against pollution of Florida's air and water. Subsection (7)(a) provides:
403.021 Legislative declaration; public policy.
* * * * * *
(7) The Legislature further finds and declares that:
(a) Compliance with this law will require capital outlays of hundreds of millions of dollars for the installation of machinery, equipment, and facilities for the treatment of industrial wastes which are not productive assets and increased operating expenses to owners without any financial return and should be separately classified for assessment purposes.

(Emphasis added). In furtherance of this policy the legislature enacted section 193.621 *1141 of the Florida Statutes (1993), which establishes pollution control equipment as a special class of property to be taxed at salvage value. Part II of Chapter 193 of the Florida Statutes specifically pertains to "Special Classes of Property". Section 193.441, Florida Statutes (1993), explains the legislative intent of the chapter as follows:
193.441 Legislative intent. For the purposes of assessment roll preparation and recordkeeping, it is the legislative intent that any assessment for tax purposes which is less than the just value of the property shall be considered a classified use assessment and reported accordingly.
The statute proceeds to define certain "classified uses" of property including the classification of pollution control devices in section 193.621.
It should also be noted that DOR also contends the trial court's dismissal of Sartori's lawsuit must be affirmed because the lawsuit was actually seeking a refund based upon the retroactive application of a tax exemption and that such a request also falls within the sixty-day limitation period. See Hall v. Leesburg Regional Medical Center, 651 So.2d 231 (Fla. 5th DCA 1995); Davis v. Macedonia Hous. Auth., 641 So.2d 131 (Fla. 1st DCA 1994), rev. denied, 651 So.2d 1195 (Fla.1995); Walker v. Garrison, 610 So.2d 716 (Fla. 4th DCA 1992); Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA), cert. denied, 502 U.S. 968, 112 S.Ct. 440, 116 L.Ed.2d 458 (1991). However, the favorable tax status accorded to pollution control equipment is not by way of a tax exemption. Instead, Chapter 193 of the Florida Statutes affords pollution control equipment favorable tax status because the equipment constitutes a "Special Class of Property." Cf. Ch. 196, Fla. Stat. (1993)(setting forth an entire chapter pertaining to tax exemptions). Accordingly, we reject this argument as meritless.
In summary, since Sartori's lawsuit was filed as a means to correct the County's error in failing to classify his property as pollution control equipment, the four year statute of limitation provided in section 197.182, Florida Statutes (1995), applies. Accordingly, the trial court's dismissal order must be reversed, and this matter remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and W. SHARP, JJ., concur.