892 So.2d 1059 (2003)
Lewis and Betty WARD, Robert and Linda Coley, Homer E. Weidlich, Jr.; and Matthew and Angela Gardner, Appellants,
v.
Gregory S. BROWN, Property Appraiser of Santa Rosa County, Florida, and Robert G. McClure, Tax Collector for Santa Rosa County, Florida, Appellees.
No. 1D02-3265.
District Court of Appeal of Florida, First District.
March 13, 2003.
Rehearing Denied April 15, 2003.
Donald H. Partington and William H. Stafford, III of Clark Partington Hart Larry Bond & Stackhouse, Pensacola, for appellants.
Elliott Messer and Thomas M. Findley of Messer, Caparello & Self, P.A., Tallahassee; Roy V. Andrews of Lindsay, Andrews, & Leonard, P.A., Milton, for appellees.
WOLF, J.
Appellants challenge an order of the circuit court striking the allegations of the complaint alleging the existence of a class action and denying the plaintiff the opportunity to proceed with the action as a class action lawsuit. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(6). See Key Club Ass'n, Ltd. v. Mayer, 718 So.2d 346 (Fla. 2d DCA 1998). The issue we must resolve is whether the trial court correctly determined that certain members of the proposed class were time barred from bringing an action pursuant to section 194.171(1), Florida Statutes, challenging a property tax assessment on the basis that the property was exempt governmental property pursuant to section 196.199, Florida Statutes. We determine that the trial court correctly determined that the actions were untimely because they were not filed *1060 within 60 days of the tax roll being certified as required by section 194.171(2), Florida Statutes. See Davis v. Macedonia Hous. Auth., 641 So.2d 131 (Fla. 1st DCA 1994). Therefore the trial court correctly struck the allegations relating to the class action. See Hirsh v. Crews, 494 So.2d 260 (Fla. 1st DCA 1986).
Appellants argue they were not subject to the 60 day time limits contained in section 194.171, Florida Statutes, because rather than challenging the assessment on the particular piece of property, they are challenging the classification placed on the property by the assessor. We decline to accept appellants' semantic argument.
Whether couched in terms of an "assessment" or a "classification," the appellants are challenging the property appraiser's judgment to deny them an exemption under chapter 196, place their properties on the tax roll, and impose ad valorem taxes. Denial of exemptions are "assessments" subject to the requirements of section 194.171, Florida Statutes. See Hall v. Leesburg Regional Medical Center, 651 So.2d 231 (Fla. 5th DCA 1995) (rejecting argument that 194.171 applies only to actions contesting tax values, and not denial of not-for profit exemption status); Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991) (imposing 60-day requirement of section 194.171 on challenge alleging Abundant Life Christian Center property was exempt from taxes); Macedonia Hous. Auth. 641 So.2d at 131.
In Davis, this court reviewed an appeal by the Bay County Property Appraiser in favor of the Macedonia Housing Authority (MHA), a nonprofit corporation. The issue was whether the MHA timely challenged denial of a charitable purpose exemption. This court in Davis found the trial court did not have jurisdiction to review the exemption for the 1990 taxes because the taxpayer had failed to file its challenge within the 60-day time restriction of section 194.171. Rejecting the same argument made by appellants, the concurring opinion in Davis states:
I would note that the 60-day filing requirement was applied in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991), a case where, like the one before us, the taxpayer claimed an exemption from ad valorem taxes. Application of the filing requirement in this situation is consistent with "the legislative intent and public policy behind adoption of the nonclaim provision contained in sections 194.171(2) and (6), Florida Statutes, which is to ensure prompt payment of taxes due and making available revenues that are not disputed." Chihocky v. Crapo, 632 So.2d 230, 232 (Fla. 1st DCA 1994).
Id. at 133 (Wolf, J., specially concurring).
Similarly, in Nikolits v. Ballinger, 736 So.2d 1253 (Fla. 4th DCA 1999), the issue was whether a challenge to the removal of an exemption was part of the "tax assessment" within the meaning of the 60-day requirement of section 194.171(2). The Nikolits court held that the property appraiser's disapproval of the taxpayer's homestead exemption was part of the "tax assessment," and explained,
The homestead exemption is one of the exemptions from taxation provided for in Chapter 196, Florida Statutes (1997).... In preparing the assessment rolls, the property appraiser is required to indicate "[w]hen property is wholly or partially exempt, a categorization of such exemption." § 193.114(2)(c), Fla. Stat. (1997).
Consistent with the statute, Florida Administrative Code Rule 12D-8.007 addresses the preparation of assessment rolls and provides under subdivision (2)(c) that "[w]hen property is wholly or partially exempt ... from taxation, the appraiser shall enter on the assessment *1061 roll the amount of the exemption so as to be able to determine, by category, the total amount of exempt property on the roll." Subdivision (2)(d) of the rule provides that "[t]he assessment roll shall identify the taxable value of the property being assessed," which is the value remaining "after allowance of all lawful exemptions." The taxable value is the value "upon which the tax is actually calculated." Id.

From this statutory and administrative framework, it is clear that the application of a homestead exemption is an integral part of a "tax assessment" within the meaning of section 194.171(2). A timely challenge is therefore necessary to satisfy the jurisdictional requirement of that section.
Id. at 1254-1255.
In State, Department of Revenue v. Eastern American Technologies Corp., 762 So.2d 1044 (Fla. 5th DCA 2000), the Fifth District faced a challenge similar to the one made by appellants  the denial of governmental tax exemption based on a government leasehold.[1] There, respondents failed to file action in court within sixty days, as mandated by section 194.171(2), Florida Statutes. The DOR filed a petition for a writ of prohibition to require the trial court to dismiss the declaratory judgment action on the ground that it lacked subject matter jurisdiction over the issues involved. The Fifth District found that section 194.171 did apply to the decision regarding the exemption and that the trial court had no jurisdiction.
The main cases relied on by appellants are Sartori v. State, Department of Revenue, 714 So.2d 1136 (Fla. 5th DCA 1998); State, Department of Revenue v. Sohn, 654 So.2d 249 (Fla. 1st DCA 1995); and Florida Governmental Utility Auth. v. Day, 784 So.2d 494 (Fla. 5th DCA 2001). As discussed below, we find these cases to be factually dissimilar from the instant case and, thus, not supportive of appellant's position.
In Sartori, the action was brought because there was "error" in classifying the property. Sartori, 714 So.2d at 1136. The Sartori opinion acknowledged the difference between its facts, which involved an "overpayment," and a situation where one has not paid any tax, but seeks to challenge "judgments" made by a property appraiser. Id. at 1140. In Sartori, property was valued at fair market value as the result of an inadvertent mistake, when it should have been taxed as pollution control equipment. As the court noted, the county apparently was not familiar with the pertinent provisions of law relating to pollution control equipment and, therefore, made a mistake in the assessment. After Sartori paid his tax, the county "realized that Sartori's tax assessment was improper and, wanting to correct the error, requested that the DOR refund Sartori the $117,354 which he had paid in taxes." Id. at 1137. The Sartori decision was based on the fact that all parties agreed that an error had occurred due to "mistake or inadvertence." Id. at 1139. The instant case involves a deliberate conclusion reached by the property appraiser that the appellant's beach homes should be assessed as private property because the improvements will not *1062 vest in the county until the termination of the 99-year lease. Thus this case is distinguished from Sartori.
Department of Revenue v. Sohn, like Sartori, also was a suit for a refund from the Department of Revenue. The Sohn decision supports the argument of the property appraiser in this action in concluding, "It is clear that mistakes in judgment cannot be corrected after the tax rolls are certified." Id. at 251. The court in Sohn explained that in order for the issue to be characterized as a classification error subject to a 4-year limitation period, it has to be "an error of omission or commission." The court said this was a critical issue in determining when the challenge must be filed. Id.
The case of Florida Governmental Utility Auth. v. Day is more difficult to distinguish. There, the court held that a party had four years to challenge the denial of an exemption on their property since it involved a challenge to the classification of property rather than a challenge to a tax assessment. Id. at 496. That holding on its face appears irreconcilable with our holding in Davis v. Macedonia Hous. Auth., 641 So.2d 131 (Fla. 1st DCA 1994), the Fourth District's holding in Markham v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991), and the Fifth District's own holding in Hall v. Leesburg Regional Medical Center, 651 So.2d 231 (Fla. 5th DCA 1995). The only explanation for the court's holding in Florida Governmental Utility Auth. v. Day appears to be that the taxpayer's failure to timely file a challenge may have been a result of actions by the government. We, therefore, find that Florida Governmental Utility Auth. v. Day is distinguishable on the facts and hold that the trial court's decision in the instant case was correct. In conclusion, alleged errors of judgment as we have in the instant case must be challenged within 60 days.
Affirmed.
ERVIN and VAN NORTWICK, JJ., CONCUR.
NOTES
[1] Specifically, the suit involved a prior appeal in which the appellate court reversed the trial court and held that the fee interests in properties owned by the Canaveral Port Authority, which were leased, as the property in this case, to various individuals or businesses for private or non-governmental purposes, were not immune or exempt from ad valorem taxation. The Florida Supreme Court approved the decision. Florida Dept. of Rev. v. Canaveral Port Authority, 642 So.2d 1097 (Fla. 5th DCA 1994), approved in part, quashed in part, 690 So.2d 1226 (Fla.1996).