PER CURIAM.
Richard and Patricia Lee appeal a final summary judgment in which the trial court ruled that, pursuant to section 194.171(2), Florida Statutes (1999), it lacked subject matter jurisdiction over the Lees’ action for declaratory and injunctive relief challenging the authority of the Leon County Property Appraiser to correct the assessment of their property. We agree with the trial court that the fundamental nature of the appellant’s lawsuit is a challenge of an assessment and, thus, it is governed by the sixty day non-claim statute. See § 194.171(2), Fla. Stat. (1999). As the court explained in Department of Revenue v. Stafford, 646 So.2d 803, 805 (Fla. 4th DCA 1994), regardless of how the complaint is couched, when a taxpayer is challenging the assessment on grounds that it was “unjust, capricious, arbitrary and illegal,” the action is cognizable only under the strictures of section 194.171, which allows a suit to be filed only within 60 days from the date the assessment roll is certified for collection. See also Markham v. Neptune Hollywood Beach Club, 527 So.2d 814 (Fla.1988)(holding the 60-day claim period applicable to a constitutional challenge of an assessment and of the statute authorizing the assessment); State, Dept. of Revenue v. Gerald Sohn, P.A., 654 So.2d 249, 250(Fla. 1st DCA 1995)(citing Stafford with approval); Nikolits v. Delaney, 719 So.2d 348 (Fla. 4th DCA 1998)(holding claim that an assessment is made in violation of section 193.155 is an action to contest an assessment and is governed by section 194.171(2)).
Accordingly, we affirm.
KAHN, VAN NORTWICK and BROWNING, JJ., concur.