889 So.2d 947 (2004)
H.W. "Bill" SUBER, etc., Petitioner,
v.
Martha E. PULTZ, Trustee, Respondent.
No. 5D04-2553.
District Court of Appeal of Florida, Fifth District.
December 17, 2004.
B. Jordan Stuart of Wood & Stuart, P. A., New Smyrna Beach, for Petitioner.
Michael D. Jones of Michael D. Jones & Associates, P.A., Winter Springs, for Respondent.
THOMPSON, J.
H.W. "Bill" Suber, the Seminole County Property Appraiser, seeks a writ of prohibition to prevent the trial court from exercising jurisdiction. We grant the writ.
Martha E. Pultz, the taxpayer, had an agricultural exemption on certain property used to grow citrus. Eventually, the taxpayer cleared the citrus and prepared the land for pasture by planting a certain grass that is not suitable for grazing until 8 to 18 months after it is planted. When she requested renewal of her agricultural classification, the request was denied because the use of the property for pasture was not in accordance with the approved use as a citrus grove. After the denial was sustained by the Value Adjustment Board, the taxpayer sought declaratory relief. The appraiser moved to dismiss the complaint on the ground that the taxpayer failed to comply with the requirements of section 194.171, Florida Statutes, a jurisdictional statute, in that she failed to pay the amount she in good faith thought she owed and failed to attach a receipt for taxes paid. Based on Sartori v. Department of Revenue, 714 So.2d 1136 (Fla. 5th DCA 1998), the trial court ruled that the taxpayer was challenging the "classification" of the property rather than the "assessment" *948 and that therefore the strictures of the statute did not apply.
We grant the writ based on Ward v. Brown, Case No. SC03-783, ___ So.2d ___ (Fla. Oct 21, 2004), 2004 WL 2360129, which was not available to the trial court when it denied the motion to dismiss. In Ward, the taxpayers were long-term lessees of property owned by the county and claimed that the property was not subject to ad valorem taxation under section 196.199, which exempts certain governmental property from taxation. The trial court struck the taxpayers' pleadings because they had failed to comply with the time requirements of section 194.171. The taxpayers contended that section 194.171 did not apply to them because they were challenging the "classification" of their property rather than the "assessment." Id. at *1, at -___ The supreme court noted that the district court had refused to accept their "semantic argument." Id. at *2, at ___. (quoting Ward v. Brown, 28 Fla. L. Weekly D731, D732, ___ So.2d ___, ___, 2003 WL 1088219 (Fla. 1st DCA Mar.13, 2003)). Further, the supreme court rejected the argument that the taxpayers were not claiming an exemption, id. at *4, ___ So.2d at ___, and stated:
It is apparent that petitioners are seeking some form of the "exemption" related to government-owned and leased property. In any case, whether they are claiming an exemption or claiming that the assessors' action is illegal, unlawful, or void as an improper "classification" or for some other reason, they are still bound by the provisions of section 194.171(1) as we construed those provisions in Markham [v. Moriarty, 575 So.2d 1307 (Fla. 4th DCA 1991)].
CONCLUSION
For us to accept the petitioners' interpretations and application of a "classification" challenge in this case would frustrate the legislative intent behind the time limitation on challenges and prompt judicial review of those challenges. We agree with the trial and appellate courts that the "classification" argument is merely an attempt to circumvent the petitioners' failure to properly and timely challenge the tax assessment of their properties as required by section 194.171(1).
Id. at *5, at ___.
In the instant case, like the taxpayers in Ward, the taxpayer is seeking an exemption from taxation. Like the taxpayers in Ward, Pultz did not comply with the requirements of section 194.171. In this case, the taxpayer did not comply with section 194.171(3), which requires the taxpayer to pay the amount the taxpayer admits in good faith to be owing and to file a copy of the receipt with the complaint, while the taxpayers in Ward did not comply with the time requirements of the statute. Section 194.171(6) expressly states that "[t]he requirements of subsections (2), (3) ... are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsection (2) and (3) have been met." The supreme court stated in Ward that the time requirement of the statute "applies broadly to taxpayers' actions challenging the assessment of taxes against their property regardless of the legal basis of the challenge." Id. at *1, ___ So.2d at ___. Although the instant case involves an agricultural exemption rather than a governmental exemption, and although this case involves subsection 3 of section 194.171, we conclude that the difference does not take it out of the purview of the "broadly" decided Ward. Accordingly, we issue the writ. See, e.g., Department of Revenue v. Eastern American Technologies Corp., 762 So.2d 1044 (Fla. 5th DCA *949 2000) (issuing writ of prohibition where the plaintiff did not comply with the jurisdictional provisions of section 194.171).
WRIT ISSUED.
SHARP, W., and PLEUS, JJ., concur.