PADOVANO, J.
 

 This is an appeal from a final order upholding the constitutional validity of article VII, section 4(c) of the Florida Constitution, commonly known as the “Save Our Homes” Amendment.
 
 [1]
 
 The plaintiffs argue that section 4(c) violates their rights under various provisions of the United States Constitution, principally the Equal Protection Clause,
 
 the
 
 Privileges and Immunities Clause, and the Commerce Clause. The defendants argue in their answer brief that the trial court decided the case correctly on the merits. Some of them have also filed a cross-appeal to present an alternative claim that the trial court lacked jurisdiction to consider the plaintiffs’ challenge. The argument on the cross-appeal is that the plaintiffs were required by law to assert their claim within sixty days of the date of their property assessments. We affirm the order on the appeal and the cross-appeal and offer very little comment, as all of the issues in this case are controlled by well reasoned precedent.
 

 We consider first the issue presented in the cross-appeal. The defendants contend that the trial-court should have dismissed the case for lack of jurisdiction, because section 194.171, Florida Statutes, requires that an action such as this be filed within sixty days of the tax assessment. This argument was considered and rejected by the court in
 
 Reinish v. Clark,
 
 765 So.2d 197 (Fla. 1st DCA 2000). There we held that the sixty-day time period in section 194.171 applies only to an action to contest a property tax assessment or the
 
 *297
 
 denial of an exemption and that it does not apply to litigation such as this involving the validity of the tax laws.
 
 See Reinish,
 
 765 So.2d at 202.
 

 Our decision in
 
 Reinish
 
 is supported by the plain meaning of the statute, and we see no reason to recede from it now. Section 194.171, Florida Statutes states in material part:
 

 194.171 Circuit court to have original jurisdiction in tax cases.—
 

 (1) The circuit courts have original jurisdiction at law of all matters relating to property taxation....
 

 (2) No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection....
 

 The statute begins by creating a broad grant of jurisdiction in “all matters relating to property taxation,” and then it goes on to create a filing period for certain kinds of actions: those in which the landowner is contesting a tax assessment. The defendants construe the limitation for challenging an assessment as if it applies to all litigation relating to property taxation, but that is not what the statute says.
 

 The plaintiffs are not contesting the tax assessments on their property. Rather, they are challenging a provision of the Florida Constitution and the statutes enacted to implement that provision.
 
 [2]
 
 If this court were to find the provision and statutes unconstitutional, this would not entitle the plaintiffs to a reduction or a refund. The point of the case is that the Florida property tax scheme has a discriminatory effect on nonresidents. The case has nothing to do with the assessment made on any particular property in Florida, and so the sixty-day provision in section 194.171 and the policy considerations underlying the statute do not come into play.
 

 The main appeal consists of a series of federal constitutional challenges to article VII, section 4(c), but all of the supporting arguments have been rejected before in comparable cases. For example, the Supreme Court held in
 
 Nordlinger v. Hahn,
 
 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992), that a California constitutional amendment limiting real property tax increases to 2% per year, in the absence of a change of ownership, did not violate the Equal Protection Clause. And this court held in
 
 Reinish
 
 that the Florida homestead exemption did not violate the Equal Protection Clause, the Privileges and Immunities Clause, or the Commerce Clause. Although
 
 Reinish
 
 dealt with the application of the $25,000 homestead exemption, while this case involves a challenge to the 3% tax cap on increases in the assessment of homestead property, the analysis is the same. In both cases, the tax benefit is based on the way the property is used, not on the status of the landowner as a resident or nonresident.
 

 The homestead exemption and the 3% tax cap apply only to property that is used as a primary residence and therefore qualifies as a homestead. A Florida resident who owns vacation property or business property in the state will not be entitled to claim any tax benefit under article VII, section 4(c) and will be in the same position with respect to that property as a nonresident. The plaintiffs argue that the existence of a benefit for homestead prop
 
 *298
 
 erty, when combined with the tax treatment of non-homestead property, gives Florida residents a tax advantage, but this is essentially an argument that the homestead exemption is itself unconstitutional, a point rejected in
 
 Reinish.
 

 For these reasons we hold that article VII, section 4(c) of the Florida Constitution is valid under the United States Constitution and that it does not violate a nonresident’s rights under the Equal Protection Clause, the Privileges and Immunities Clause, or the Commerce Clause. Likewise, we hold that section 193.155, Florida Statutes, the law implementing article VII, section 4(c), is constitutionally valid.
 

 Affirmed.
 

 BARFIELD and LEWIS, JJ., concur.
 

 [1]
 

 . Article VII, section 4(c) of the Florida Constitution provides that annual changes in the tax assessments on homestead property
 

 ... shall not exceed the lower of the following:
 

 a. Three percent (3%) of the assessment for the prior year,
 

 b. The percent change in the Consumer Price Index for all urban consumers, U.S. City Average, all items 1967 = 100, or successor reports for the preceding calendar year as initially reported by the United States Department of Labor, Bureau of Labor Statistics.
 

 [2]
 

 . Compare
 
 Markham v. Neptune Hollywood Beach Club,
 
 527 So.2d 814 (Fla.1988), a case in which the plaintiffs raised a constitutional challenge to their ad valorem tax assessments on condominiums and to the authorizing stat-utc. The supreme court held that the trial court had properly dismissed the case for failure to file within sixty days under section 194.171(2).