25 So.3d 31 (2009)
William DELUCCIO, Stephen B. Miller, Terri Noyes, Clarence L. Spannuth, Jr., M.D. and Karen E. Spannuth, husband and wife, individually and as representatives of similarly situated persons, Appellants,
v.
Ed HAVILL, in his official capacity as Property Appraiser of Lake County, Florida; Bob McKee, in his official capacity as Tax Collector of Lake County, Florida; Lake County, a political subdivision of the State of Florida; The Lake County School Board; City of Groveland, a political subdivision of the State of Florida; Marcus Saiz De La Mora, in his official capacity as Property Appraiser of Miami-Dade County, Florida; Fernando Casamayor, in his official capacity as Tax Collector of Miami-Dade County, Florida; Miami-Dade County, a political subdivision of the State of Florida; The Miami-Dade County School Board; City of Miami, a political subdivision of the State of Florida; Charles Hackney, in his official capacity *32 as Property Appraiser of Manatee County, Florida; Ken Burton, Jr., in his official capacity as Tax Collector of Manatee County, Florida; Manatee County, a political subdivision of the State of Florida; The Manatee County School Board; City of Longboat Key, political subdivision of the State of Florida; Kenneth Wilkinson, in his official capacity as Property Appraiser of Lee County, Florida; Cathy Curtis, in her official capacity as Tax Collector of Lee County, Florida; Lee County, a political subdivision of the State of Florida; The Lee County School Board; City of Cape Coral, a political subdivision of the State of Florida; Lisa Echeverri, in her official capacity as Executive Director of the Florida Department of Revenue; and all named Defendants, individually as entities or persons and as entities or persons acting in their official capacities, Appellees.
No. 1D08-5529.
District Court of Appeal of Florida, First District.
November 17, 2009.
Talbot D'Alemberte of D'Alemberte & Palmer, PLLC, Tallahassee; Marsha L. Lyons and Douglas S. Lyons of Lyons & Farrar, P.A.; Tallahassee; William C. Owen of William C. Owen, LLC, Tallahassee; James G. Feiber, Jr., of Salter, Feiber, Murphy, Hutson & Menet, P.A., Gainesville; and William Slaughter of Haskell, Slaughter, Young & Rediker, LLC, Birmingham, Alabama, for Appellants.
Bill McCollum, Attorney General, Scott D. Makar, Solicitor General, Joseph C. Mellichamp, III, Special Counsel, and Jarrell L. Murchison, Assistant Attorney General, Tallahassee; and C.B. Upton of Arnstein & Lehr, LLP, Tampa, for Appellee Lisa Echeverri, in her individual and official capacities.
Gregory T. Stewart, Harry F. Chiles, and Carly J. Schrader of Nabors, Giblin & Nickerson, P.A., Tallahassee, for Appellees Lee County, Lee County School Board, The City of Groveland, Lake County, Ed Havill in his official capacity as Property Appraiser of Lake County and Bob McKee in his official capacity as Tax Collector of Lake County.
R. Laine Wilson Harris and John C. Dent, Jr., of Dent & Johnson, Chartered, Sarasota, for Appellee Kenneth Wilkinson, as Property Appraiser of Lee County.
Luis E. Rivera, II and Suzanne M. Boy of Henderson, Franklin, Starnes & Holt, *33 for Appellee Cathy Curtis, in her official capacity as Tax Collector for Lee County.
John W. Bowen, School Board of Manatee County, for Appellee Manatee County School Board.
Janelle L. Esposito of Green Hamrick Perrey Quinlan & Schermer, P.A., Bradenton, for Appellee Ken Burton, Jr. in his official capacity as Manatee County Tax Collector.
W. Nelon Kirkland of Harrison, Kirkland, Pratt, Chulock & McGuire, P.A., Bradenton, for Appellee Charles Hackney in his individual and official capacity as Manatee County Property Appraiser.
David P. Persson of Hankin, Persson, Davis, McClenathen & Darnell, Sarasota, and William R. Pomeroy of William R. Pomeroy, P.A., Sarasota, for Appellee The Town of Longboat Key.
Stephen W. Johnson of McLin & Burnsed, P.A., Leesburg, for Appellee School Board of Lake County.
Julie O. Bru, City Attorney, Warren Bittner, Deputy City Attorney, and John A. Greco, Assistant City Attorney, for Appellee City of Miami.
Luis M. Garcia, Miami, for Appellee School Board of Miami-Dade County.
Mark E. Lupe, Assistant City Attorney, for Appellee City of Cape Coral.
R.A. Cuevas, Jr., Miami-Dade County Attorney, and Melinda S. Thornton, Assistant County Attorney, for Appellees Miami-Dade County, Marcus Saiz de la Mora in his official capacity as Property Appraiser of Miami-Dade County, and Fernando Casamayor, in his official capacity as Tax Collector of Miami-Dade County.
Tedd N. Williams, Jr., County Attorney, and James A. Minix, Chief Deputy County Attorney, for Appellee Manatee County.
PER CURIAM.
Appellants seek reversal of a final order which dismissed with prejudice their amended complaint challenging the constitutionality of certain portions of section 4, Article VII of the Florida Constitution. More particularly, appellants have challenged the constitutionality of (i) the "Save Our Homes Amendment" (SOHA) which placed a cap on the amount the assessed value of homestead property could be increased annually, and (ii) Amendment 1, adopted by popular referendum in 2008, which, among other things, made a portion of a homesteader's existing exemption portable to newly-purchased homestead property. Art. VII, § 4(c)(1) and (8), Fla. Const. Appellants argue that these amendments violate several federal constitutional provisions. Because the trial court erroneously concluded that it lacked subject matter jurisdiction when appellants did not comply with section 194.171(1), Florida Statutes, we reverse on the authority of Lanning v. Pilcher, 16 So.3d 294 (Fla. 1st DCA 2009), and Reinish v. Clark, 765 So.2d 197 (Fla. 1st DCA 2000).
We note that this case has been consolidated with Bruner v. Hartsfield, 23 So.3d 192 (Fla. 1st DCA 2009), and this case raises nearly identical constitutional challenges to section 4, Article VII, which have been raised and rejected by this court in Bruner. In Bruner, the plaintiffs were state residents, whereas the plaintiffs in the case before us are nonresidents, as were the plaintiffs in Reinish. Because the trial court below erroneously concluded it lacked subject matter jurisdiction, it divested itself of authority to rule on the merits, and we are thus foreclosed from considering the merits as well.
We therefore REVERSE and REMAND for further proceedings consistent with this opinion.
*34 VAN NORTWICK, and PADOVANO, JJ., and BROWNING, JR., EDWIN B., Senior Judge, concur.