PER CURIAM.
Appellants seek reversal of a final order which dismissed with prejudice their amended complaint challenging the constitutionality of certain portions of section 4, Article VII of the Florida Constitution. More particularly, appellants have challenged the constitutionality of (i) the “Save Our Homes Amendment” (SOHA) which placed a cap on the amount the assessed value of homestead property could be increased annually, and (ii) Amendment 1, adopted by popular referendum in 2008, which, among other things, made a portion of a homesteader’s existing exemption portable to newly-purchased homestead property. Art. VII, § 4(c)(1) and (8), Fla. Const. Appellants argue that these amendments violate several federal constitutional provisions. Because the trial court erroneously concluded that it lacked subject matter jurisdiction when appellants did not comply with section 194.171(1), Florida Statutes, we reverse on the authority of Lanning v. Pilcher, 16 So.3d 294 (Fla. 1st DCA 2009), and Reinish v. Clark, 765 So.2d 197 (Fla. 1st DCA 2000).
We note that this case has been consolidated with Bruner v. Hartsfield, 23 So.3d 192 (Fla. 1st DCA 2009), and this case raises nearly identical constitutional challenges to section 4, Article VII, which have been raised and rejected by this court in Bruner. In Bruner, the plaintiffs were state residents, whereas the plaintiffs in the case before us are nonresidents, as were the plaintiffs in Reinish. Because the trial court below erroneously concluded it lacked subject matter jurisdiction, it divested itself of authority to rule on the merits, and we are thus foreclosed from considering the merits as well.
We therefore REVERSE and REMAND for further proceedings consistent with this opinion.
*34 VAN NORTWICK, and PADOVANO, JJ., and BROWNING, JR., EDWIN B, Senior Judge, concur.